## HARRIS *et al.* v. WOODARD.

1. The facts pleaded were insufficient to constitute an estoppel, and the court did not err in disallowing an amendment undertaking to set up such alleged estoppel.
2. Where a plaintiff seeks to enjoin the collection of a judgment against him individually, and the court requires, as a condition for the grant of the injunction, that he execute a particular bond, which is given, and the writ of injunction is issued, it is no defense to a suit on the bond that it was improperly drafted, in that it was intended by the principal, his attorney, and the surety, that the principal was to be bound as executor of another's estate, and not individually.
3. A suit having been brought against one who signed a promissory note, adding to his signature the words, "executor of the will of" another, and a judgment by the court without a jury having been rendered against the defendant as an individual, and a fi. fa. having been issued thereon, an amendment subsequently made, ex parte, so as to change the judgment and execution and make them stand against the defendant in his representative character, to be realized of the property of the testator named, was void.

(*a*) The amendment, having been made by a judgment void on its face, has no effect on the original judgment and fi. fa. Where the amendment was entered on the fi. fa., and the fi. fa. was offered in evidence, all the entries thereon were a part of the tendered document. However, as the amendment was void, the reception in evidence of the fi. fa. without the entry of the amendment was harmless error.

4. The will of H. C. Harris illustrated no issue in the case, and was properly excluded.

5. Where a principal and surety executed a bond required by the court to stay the collection of a judgment, conditioned to pay that judgment in a certain contingency, in a suit brought thereon, seven years after the happening of such contingency, it is no defense to the surety that the judgment may have become dormant in the meantime.

6. A valid judgment was rendered. Subsequently it was sought to amend it by making it run against the defendant de bonis testatoris. The amendment was void on its face. Afterwards the plaintiff, without notice to the defendant, moved to declare the amendment invalid, which the court refused to do. *Held,* that the original judgment was not affected by the ex parte order of the court refusing to declare the amendment invalid.

7. The evidence examined; and held, that there was no error in directing a verdict.

AUGUST 18, 1914. REHEARING DENIED SEPTEMBER 15, 1914.

Action on bond. Before Judge Parker. Houston superior court. May 3, 1913.

W. H. Harris, executor of the will of H. C. Harris, after the death of his testator, borrowed of F. W. Gano $2,500, and executed a note therefor, signed "W. H. Harris, executor of the will of H. C. Harris," and indorsed by himself personally. Suit was brought upon the note by Gano; and on October 3, 1899, a default judgment was obtained in the superior court of Houston county for the balance due ($2,000) against "W. H. Harris, executor will of H. C. Harris." On the day the judgment was rendered two suits were brought by W. H. Harris, executor of H. C. Harris, against Gano and Jennings, of which firm F. W. Gano was the responsible member, for large sums of money alleged to be due by Gano and Jennings to the estate of H. C. Harris, in which suits W. H. Harris, executor, prayed to enjoin the collection, levy, or transfer of the fi. fa. in favor of Gano against himself, executor of H. C. Harris, until the end of that litigation. An injunction was granted on condition that a bond prescribed by the court should be given. That bond was as follows:

"Georgia, Houston county. Whereas W. H. Harris, executor will of H. C. Harris, on the 3rd day of October, 1899, filed in the

superior court of Houston county his petition for injunction against F. W. Gano of said county of Houston, asking that the said Gano be restrained from proceeding to collect the amount due on a promissory note for the sum of two thousand ($2,000.00) dollars, upon which note said Gano had filed suit in the superior court of said county, and whereas the court upon hearing said injunction passed an order denying the granting of said injunction, provided the said F. W. Gano would within twenty days from the date of said hearing, to wit the 12th day of February, 1900, file with the clerk a bond, said bond to be conditioned on Gano and Jennings, or F. W. Gano for them, paying to said W. H. Harris, executor, whatever might be finally adjudicated as due W. H. Harris, executor, by said Gano and Jennings on a suit which said Harris has pending against Gano and Jennings in Houston superior court, and whereas in said order the court provided that should said Gano fail to make said bond within the twenty days from the 12th day of February, 1900, that then and in that event said W. H. Harris, executor as aforesaid, could, within 10 days after the exemption [expiration?] of said 20 days, file with the clerk of the superior court of Houston county a bond to indemnify said F. W. Gano in whatever sum might be due on the suit against said Harris, the collection of the judgment on which the said restraining order operates. This bond being made to secure the said Gano whatever amount the said Harris may be due said Gano after deducting the amount if any adjudged against Gano and Jennings in favor of said Harris; and should said Harris fail to recover entirely against said Gano and Jennings, then this bond to secure the whole amounts, including principal, interest, and costs of the judgment which F. W. Gano obtained against W. H. Harris, executor, at the October '99 term of Houston superior court, in which event the injunction prayed for would be granted. Now, therefore, know all men by these presents that we, W. H. Harris, executor will of H. C. Harris, as principal, and A. J. Evans, security, are held and firmly bound unto F. W. Gano, of said county and State, in whatever sum may be necessary to pay him the said Gano whatever may be due on the judgment obtained at the October term '99 of Houston superior court against W. H. Harris, executor, in the event that said Gano and Jennings, or F. W. Gano for them, shall have fully discharged whatever amount said Harris, executor, may

have recovered against them on the suit he has now pending in Houston superior court against them, the said Gano and Jennings. This bond is made in pursuance of said order granted and in order to make said injunction permanent. In witness whereof we have hereunto set our hands and fixed our seals, this 12th day of March 1900.        W. H. Harris, Executor, (L. S.)

By Louis L. Brown, Atty. of Record.

A. J. Evans, Security, (L. S.)"

The present action is against the principal and surety on that bond. The defendants filed a plea of non est factum; and also set up that the bond purports to have been given for the purpose of securing a judgment obtained in the case of F. W. Gano against W. H. Harris, executor of the estate of H. C. Harris, when as a matter of fact no legal judgment has ever been obtained in that case, nor has there been a breach of the bond. After hearing the evidence the court directed a verdict in favor of the plaintiff against W. H. Harris as principal, and A. J. Evans as security, for the balance due upon the fi. fa. of F. W. Gano against W. H. Harris, executor of H. C. Harris. A motion for a new trial was made by the defendants, which being overruled, they bring error.

*Miller & Jones,* for plaintiffs in error.

*A. C. Riley* and *Jule Felton,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1. During the trial the defendants tendered the following amendment to their pleadings: On October 3, 1899, the plaintiff obtained judgment against W. H. Harris, executor of the will of H. C. Harris; on October 7, 1903, this judgment was amended to a judgment against W. H. Harris, executor of the estate of H. C. Harris, to be levied on the goods, chattels, lands and tenements of H. C. Harris, deceased, in the hands of W. H. Harris, executor, to be administered; and on November 2, 1903, the execution was amended so as to be an execution de bonis testatoris, conforming to the judgment as amended. On March 9, 1904, the execution as amended was levied on certain property of the estate of H. C. Harris, as the property of that estate; and on March 6, 1905, at the plaintiff's instance the sheriff entered on the fi. fa. his return of nulla bona as to the estate of H. C. Harris. The judgment as amended still stands on the records of this court as the final judgment in the case, and can not be collaterally attacked or set aside

except in a direct proceeding; and it is res adjudicata as to the plaintiff, because the judgment·was amended into a judgment de bonis testatoris by the plaintiff's own voluntary motion. At all times since the rendition of the original judgment the plaintiff has treated it as a judgment against the estate of H. C. Harris, and not as a judgment against W. H. Harris, and has accepted and received from the estate of H. C. Harris, on account of the judgment de bonis testatoris, the following sums of money: $100 June 6, 1903; $250 February 14, 1904; $250 March 4, 1904; and $182.40 May 14, 1907. It is averred that the plaintiff, after treating the judgment as one against the estate of H. C. Harris for ten years, after levying the execution upon property of the estate of H. C. Harris, after making an entry of nulla bona on the fi. fa. as to the estate of H. C. Harris, and after obtaining these sums of money from the estate of H. C. Harris on his representation that the claim was against the estate, is now estopped by his conduct from asserting that the judgment and execution are not in fact binding against the estate of H. C. Harris, but are against W. H. Harris. The defendants further proposed to amend by averring that the estate of H. C. Harris, of which W. H. Harris is executor, has paid to the plaintiff his full pro rata part of the assets of the estate of H. C. Harris, and the plaintiff has received the same percentage of his claim sued on from the estate of H. C. Harris as was received by all other creditors whose claims were of equal dignity with the claim or debt of the plaintiff. The court disallowed these amendments.

We do not think that the pleaded facts constitute an estoppel. The judgment obtained by Gano in 1899 against W. H. Harris, executor of H. C. Harris, was a personal judgment, and the words following his name are mere matter of description. The amendment to that judgment was illegal and void, for the reason that the original judgment was rendered by the court without the intervention of a jury, and the court could not render a judgment against an executor on a note for money borrowed since the death of his testator, without the introduction of evidence. *Harris* v. *Woodard*, 133 *Ga.* 104 (65 S. E. 250). It is insisted, inasmuch as the plaintiff was pressing his judgment against the estate of H. C. Harris, and not against W. H. Harris, and has received thereon from the estate of H. C. Harris certain sums of money, that his conduct

estops him from enforcing the judgment as rendered by the court. These facts do not constitute an estoppel. W. H. Harris has not changed his position; and if money belonging to the estate has been applied on an execution against him, such application operates rather to his benefit than to his detriment.

2. · The defendants further proposed to amend by averring, that, if the bond sued on in this case is by any chance a bond of W. H. Harris individually, it was so drawn by mutual mistake of the parties; that the parties to said alleged bond intended that the bond should be one binding the estate of H. C. Harris, and it was not the intention of the parties to execute or to accept a bond binding W. H. Harris individually; that the plaintiff has treated the bond as an obligation of the estate of H. C. Harris and not an obligation of W. H. Harris; that if the bond is the bond of W. H. Harris individually, it was improperly drafted by the mistake of the draftsman; that the attorney who signed the name of W. H. Harris had no authority to bind W. H. Harris individually, and did not intend so to do, nor did the plaintiff so intend the bond, or so construe it; but that it was the intention of all parties that the bond should bind the estate of H. C. Harris only, and, if drawn otherwise, it was by mistake of the draftsman, and contrary to the intention of the parties. The court refused to allow this amendment. The bond was given in an equitable proceeding by W. H. Harris, executor of H. C. Harris, to enjoin the enforcement of the Gano fi. fa. against W. H. Harris, which, notwithstanding the words of description after his name, was a judgment against him individually, and the bond was executed as the condition of Harris's obtaining the injunction granted. This court has held that this proceeding was one instituted by W. H. Harris as an individual. *Woodard* v. *Harris,* 138 *Ga.* 751 (76 S. E. 49). So that it appears from the record that Gano had a judgment against W. H. Harris as an individual. He was pressing the collection of this judgment. Harris desired him to be enjoined until certain litigation with Gano and Jennings could be completed, before he proceeded with his judgment. He voluntarily offered to give bond as a condition to obtaining the injunction which he prayed. The court required the bond, and the bond in suit was given in obedience to the court's order. This bond was the individual bond of W. H. Harris. 138 *Ga.,* supra. It is not set up that the plaintiff in the present action

was in any wise responsible for the execution of the bond given. His hands were tied by the bond which the defendants in this case executed. They voluntarily offered this particular bond as a condition of obtaining an injunction; and having obtained that injunction and held off the plaintiff in this action from proceeding with his judgment, they will not be heard to say that the bond which they gave, and upon which all the parties acted, was of a different legal import than as they understood it.

3. The court allowed in evidence the fi. fa. issued on the judgment of October 3, 1899. The plaintiff offered all of the fi. fa., except the entry thereon showing that it had been amended in accordance with a previous judgment of the superior court of Houston county, so as to be leviable upon the goods, chattels, lands and tenements of H. C. Harris in the hands of W. H. Harris, executor, to be administered. The objection is, that the fi. fa. showed that it had been amended, and that the plaintiff could not introduce a part of the paper, without introducing the whole. The proper procedure would have been to have received in evidence the fi. fa., with all of the entries thereon; but allowing it to go in evidence without the entry complained of will not vitiate the trial, for the reason that, the suit having been brought on a promissory note signed by "W. H. Harris, executor of the will of H. C. Harris," and a judgment having been entered by the court, without a jury, against W. H. Harris individually, an amendment to the judgment and fi. fa. based thereon, made ex parte, so as to change them to a judgment by the court and a fi. fa. against the defendant in his representative capacity, to be realized from the estate of H. C. Harris, was void. 133 *Ga.* 104, supra. Inasmuch as there was no issue of fact, the question became one entirely of law, and the effect of the ruling of the court is the same as if he had allowed in evidence the fi. fa. with all the entries thereon, and had then ruled as to the legal effect of the amendment.

4. The will of H. C. Harris was excluded on the ground of irrelevancy. It is contended that the will was material to the defense, on account of the power therein contained authorizing the executor to make the note sued on. We do not think so. Under the facts of this case the plaintiff obtained an injunction against a particular judgment by giving a bond guaranteeing the payment of that judgment. Whether or not the executor had authority to borrow is im-

material. This point was ruled on when the case was here before. 138 *Ga.,* supra. And for the same reason it was not erroneous to exclude the answer of Woodard, administrator, in the litigation against him brought by one Hollinshed. *Hollinshed* v. *Woodard,* 124 *Ga.* 721 (52 S. E. 815).

5. It is contended that, even if the judgment which Gano obtained against W. H. Harris in 1899 was one against him individually, and the bond sued on in this case is his individual bond, it was error to direct a verdict against the surety, because, if the judgment be treated as an individual judgment, the plaintiff has allowed it to go out of date to the injury of the surety. The litigation in which the bond was given terminated in April, 1902. The present action on the bond was instituted in September, 1909. The record shows that during this time the plaintiff was attempting to collect his judgment, but was impeded by claims and illegalities. The case is not one where the plaintiff has been in laches. The record shows that during this interval he has continuously pressed the collection of his judgment. But, aside from this, the defendant and his surety guaranteed the payment of the debt as a condition of the grant of an injunction; and upon the termination of that proceeding adversely to the principal, the liability of the principal and surety on the bond became primary. A mere failure to sue on the bond as soon as the law allowed, or the negligence of the plaintiff to prosecute with vigor his legal remedies, unless for a consideration, will not release the surety. Civil Code (1910), § 3544.

6. The plaintiffs in error urge, as ground for a new trial, that they discovered since the trial that in 1911, during the pendency of this cause, a petition was presented to the Honorable W. H. Felton, judge of the superior courts of the Macon circuit, ex parte, praying that the amendment granted to the Gano judgment, converting it into one de bonis testatoris, be stricken; and that the order so prayed for was refused. This court has held that the amendment to the original judgment showed upon its face that it was void. It matters not how many ex parte judgments courts may render upon a given state of facts; where the record shows that such judgment is void, it is the duty of the court to declare it void.

7. Complaint is made of the direction of a verdict. The only issue of fact sought to be injected in the case related to the power of

the attorney who brought the proceedings in which the bond was given, to bind W. H. Harris individually, it being contended that Harris employed him as executor of H. C. Harris, and not individually. But no real issue was made. The defendant in an individual action of his own enjoined the plaintiff in the collection of his judgment. He was permitted to do this by giving a certain bond. Instead of signing this bond personally, his attorney, who was authorized to bring the proceeding in which the bond was given, signed it, and these defendants, with a knowledge that the principal's name to the bond was signed by the attorney, acted thereon through the entire litigation. It is not contended that there was any imposition practised by the court or the plaintiff as to the character of bond which was actually signed. Both defendants acted on the bond. They obtained a status on the faith of the bond; they litigated by virtue of having given this particular bond; and, having been cast in the suit, they will not be permitted to say that the bond was different in legal effect from what they thought it was at the time they signed it. The evidence demanded the verdict directed.          *Judgment affirmed.   All the Justices concur.*