HARRIS *et al.* v. WOODARD, administrator.

1. There is no conflict in the decisions of this court to the effect that a power to execute an instrument under seal must be conferred by an instrument under seal *(Neely & Co.* v. *Stevens,* 138 *Ga.* 305, 75 S. E. 159) and the decision in *Harris* v. *Woodard,* 142 *Ga.* 297 (82 S. E. 902), to the effect that under the facts of the case, when, in pursuance of an order requiring the filing of a bond as a condition of the grant or continuance of an injunction, a bond was filed purporting to be signed by the principal through his attorney of record, and, with knowledge of the fact, a status was thus obtained, and the litigation proceeded on that basis, and the adverse party was enjoined from enforcing his rights, in a subsequent suit on the bond the principal and surety were bound by it.

2. Even if it were conceded, which it is not, that the Supreme Court of a State in one case overruled a former decision, this would not amount to a deprivation of due process of law, where no vested rights are interfered with.

(a) There was no error in refusing to enjoin the enforcement of the verdict and judgment sought to be enjoined in this case. No violation of the fourteenth amendment of the constitution of the United States was shown. The judgment complained of was that of a court of competent jurisdiction, affirmed by the Supreme Court of the State; and there was no merit in the effort, by a new and independent equitable proceeding, to have it declared void and to have its enforcement enjoined.

NOVEMBER 9, 1915.

Petition for injunction. Before Judge Bell. Houston superior court. December 19, 1914.

*Miller & Jones,* for plaintiffs.

*A. C. Riley* and *Jule Felton,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.)

An idea of the litigation out of which the present case arises may be obtained by referring to *Harris* v. *Gano,* 117 *Ga.* 934 (44

S. E. 11); *Harris* v. *Gano & Jennings,* 117 *Ga.* 950 (44 S. E. 8); *Harris* v. *Woodard,* 133 *Ga.* 104 (65 S. E. 250); *Woodard* v. *Harris,* 138 *Ga.* 751 (76 S. E. 49); *Harris* v. *Woodard,* 142 *Ga.* 297 (82 S. E. 902). In a suit on a bond given in pursuance of an order of court, for the purpose of obtaining the grant of an injunction, the defendants, among other things, pleaded non est factum. On the trial a verdict was directed against them. After the overruling of a motion for a new trial, the case was brought to this court, and the judgment was affirmed; and the judgment of the Supreme Court was made the judgment of the superior court. The defendants now seek, by an equitable proceeding, to have the verdict and judgment declared void, and to have their enforcement enjoined.

It is contended that the Civil Code (1910), § 3574, declares that the act creating an agency must be executed with the same formality as the law prescribes for the execution of the act for which the agency is created; that the decisions in this State heretofore have held that the authority of an agent to execute an instrument under seal must be conferred by an instrument under seal; and that when the principal and surety in the bond here involved were held liable, though, as was asserted, the name of the principal was signed by one not authorized so to do by an instrument under seal, the verdict and judgment amounted to an unjust discrimination and deprivation by the State, through its court, of the equal protection of the law, in violation of the fourteenth amendment of the constitution of the United States.

1. While the attack is made on the verdict and judgment in the trial court, the decisions cited are those of this court. In the first place, we do not think there is any conflict between the decisions which declare the general rule that the authority to execute a sealed instrument must be under seal (*Neely & Co.* v. *Stevens,* 138 *Ga.* 305, 75 S. E. 159) and the decision that, under the facts of the case, the defendants were liable on the bond here involved (*Harris* v. *Woodard,* 142 *Ga.* 297, 82 S. E. 902). Here the principal was permitted to obtain an injunction by giving a bond with surety. Without the bond no injunction would be granted. With it, one took effect, or was continued, and the adverse party was restrained from collecting his judgment. Surely these parties can not obtain and maintain a status throughout the case, with knowledge that

the name of the principal had been signed by the attorney, and yet, when sued on the bond, be heard to say, in effect, that it was not executed by virtue of authority under seal, and was substantially no bond as required by the order of the court as a condition for that purpose. Written authority is necessary for an agent to execute a deed. But if a stranger should execute and deliver a deed in the name of the owner of a lot of land, wholly without authority, but the owner should collect and keep the consideration of the deed, when sued in ejectment, could he defend by saying that the person who signed the deed had no authority in writing or under seal to do so?

We hold that there is no such conflict in the two lines of decision as contended by counsel for plaintiffs in error. These rulings do not involve a holding one way in one case and another way in a different case, *where the circumstances are the same or similar*. We fail to see any unjust discrimination against these plaintiffs in error. The ruling would have been the same as to any other persons under like circumstances.

2. But let us suppose, for the sake of the argument, that there was error in holding that the general rule as to requiring authority under seal to execute a sealed instrument did not apply to or control the suit on the bond here involved, under the facts of the case, or even that there was a possible conflict in the rulings of this court on the subject, would that authorize the sustaining of an equitable petition to have the verdict and judgment declared void, and enjoined, after affirmance by this court and the making of the judgment of this court that of the court below?. Nothing is more common in all courts, from a justice's court to the Supreme Court of the United States, than to have the argument advanced that the case is all-fours with some former case and should be controlled by the decision in it. Suppose that a court of competent jurisdiction should decide, even erroneously, that the cases differ in their facts, and that the decision in one is not controlling in the other, can all such decisions be attacked as void because the losing party disagrees with the court?

The plaintiffs in error invoke a section of the State code, and its construction and effect. As to such matters the decision of the State Supreme Court is conclusive. The power to determine the meaning of a statute carries with it the power to declare its

extent and limitations. Smiley *v.* Kansas, 196 U. S. 447, 455 (25 Sup. Ct. 289, 49 L. ed. 546). "The overruling of its earlier decisions by the State court does not amount to deprivation of property without due process of law, where no vested rights are interfered with." Willoughby *v.* City of Chicago, 235 U. S. 45 (35 Sup. Ct. 23, 59 L. ed. 123). In Lombard *v.* West Chicago Park Commissioners, 181 U. S. 33 (21 Sup. Ct. 507, 45 L. ed. 731), Mr. Justice White (now Chief Justice) said: "The theory lying at the foundation of all the arguments advanced to show that the court below committed error of a Federal nature is this, and nothing more, that the equal protection of the laws was denied by the Supreme Court of Illinois, because that court, although it treated the assessing ordinance as invalid for the purposes of the first assessment, upheld that ordinance as valid for the second assessment. This but asserts that because it is considered that there was inconsistency in the reasoning by which the Supreme Court of Illinois sustained its conclusion, therefore the equal protection of the laws was denied. If the proposition as thus understood was held to be sound, as it can not be, every case decided in the courts of last resort of the several States would be subject to the revisory power of this court, wherever the losing party deemed that the reasoning by which the State court had been led to decide adversely to his rights was inconsistent with the reasoning previously announced by the same court in former cases."

The facts in ex parte Virginia, 100 U. S. 339 (25 L. ed. 676), cited by counsel for the plaintiffs in error, are different from those here involved. There a county-court judge, charged with the ministerial duty of selecting jurors to serve in the circuit and county courts, was indicted in a district court of the United States for violating the act of Congress of March 1, 1875, prohibiting the disqualification of persons otherwise qualified from service as jurors in any court of the United States, or of any State, on account of race, color, or previous condition of servitude. What was said by the court must be considered in connection with the case before them. There was no effort to have a judgment of a court of competent jurisdiction declared void, after its affirmance by the highest court of the State, on the ground that it did not follow former decisions of the State courts. In Chicago etc. R. Co. *v.* Chicago, 166 U. S. 226 (17 Sup. Ct. 581, 41 L. ed. 994), also cited

in the brief of counsel, a ruling was invoked in the progress of a litigation in a State court, based on the fourteenth amendment of the constitution of the United States. The trial court overruled the motion for a new trial, which raised the point. The case was carried to the Supreme Court of Illinois, the assignments of error reasserting the claims of right under the fourteenth amendment. The judgment of the lower court was affirmed, and a writ of error to the Supreme Court of the United States was taken. The decision was as to whether that court had jurisdiction, and whether there had been error in the rulings of the State court,—not whether the decision of the State court could be treated as a nullity. The judgment of the Supreme Court of Illinois was affirmed. Meyer v. Richmond, 172 U. S. 82 (19 Sup. Ct. 106, 43 L. ed. 374), is also relied on. There a demurrer to a declaration was sustained. A motion was made (apparently in the same case) to set aside the judgment on the ground that an act of the State of Virginia involved was violative of the fourteenth amendment of the constitution of the United States. Application was made to the Supreme Court of Appeals of the State, and from their ruling a writ of error to the Supreme Court of the United States was taken. The questions were, first, as to the jurisdiction of the court, and, second, as to the correctness of the ruling of the Supreme Court of Appeals of Virginia. The case is not like that now before us.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*