### 18066.   OLIVER *v.* BOYNTON.

It being shown by the record in this case that the defendant in error was prevented from collecting her judgment by proceedings not instituted by her or at her instance, and by circumstances over which she had no control, the grounds of the affidavit of illegality were without merit.

> DECIDED JUNE 14, 1927.

Affidavit of illegality of execution; from city court of Cairo— Judge Rigsby.   February 28, 1927.

*Jeff A. Pope,* for plaintiff in error.   *M. L. Ledford,* contra.

LUKE, J.   This case arises out of a bail-trover proceeding of Mrs. J. C. Boynton against E. F. Dollar.   W. E. Oliver signed the bail-bond as security for Dollar, and plaintiff procured a judgment against Dollar as principal and Oliver as security.   After this judgment was affirmed (*Dollar* v. *Boynton,* 17 *Ga. App.* 540, 87 S. E. 827), the fi. fa. issued thereon, March 17, 1916, was levied, June 8, 1925, upon the property of Oliver.   On July 7, 1925, Oliver filed an affidavit of illegality, and this was traversed by the plaintiff.   By agreement of counsel the case was tried by the court upon an agreed statement of facts; and upon the hearing the court adjudged that the affidavit of illegality be dismissed and the fi. fa. proceed.   Oliver excepted.

Executions, 23 C. J. p. 553, n. 80.
Judgments, 34 C. J. p. 656, n. 72.

In his affidavit of illegality Oliver set up that the said fi. fa., which had been levied on described land, "did issue illegally and is proceeding illegally for the following reasons, to wit:" (1) "Because the judgment in said case has become dormant, and the execution issuing thereon has therefore become null and void, and said judgment does not authorize the levying of said execution or the collection of same." (2) "Because affiant was merely a surety, and his risk has been increased and he has been discharged from any liability as a surety in this case and become discharged from the judgment rendered in said case against him as the surety for E. F. Dollar, by the following facts and conduct of the plaintiff in fi. fa. since the rendition of the judgment on which the execution issued against him, to wit: After the rendition of the judgment against E. F. Dollar and affiant as his surety, the said E. F. Dollar entered an appeal in said case to the Court of Appeals, and gave a supersedeas bond in said case, with R. W. Ponder as his surety, conditioned to pay the final judgment rendered in said case. Said case was affirmed in the appellate court, and on the return of the remittitur to the city court of Cairo a judgment was entered on the 16th day of March, 1916, against the said E. F. Dollar and R. W. Ponder, his said surety. The said R. W. Ponder on said date, and until his death in 1921, was at all times solvent, and the amount of said judgment could have been realized out of the property belonging to the said Ponder. No execution was issued by the plaintiff on said judgment, and the plaintiff failed and refused to issue an execution against the said Ponder, and allowed his estate to be set aside and delivered over to the heirs of the said Ponder, and by said conduct has failed to realize any part of said judgment out of the said Ponder, and has allowed her judgment against the said Ponder to become dormant, and to lose her lien on the property of the said Ponder, thereby depriving affiant of any right or remedy under said judgment against the said Ponder, and thereby increasing his risk as a surety, and by said conduct has discharged affiant from any liability under the said judgment and execution; and for the foregoing reasons said execution is proceeding illegally and should be held to be null and void as to affiant."

The grounds of this affidavit of illegality were traversed by Mrs. Boynton, for the following reasons: (1) "That said fi. fa. is

not dormant, for the reason that a claim has been filed, and injunction served in said case, also an illegality, which legal delays prevent a dormancy of said fi. fa., plaintiff in fi. fa. being ready to show said facts by the records of the courts." (2) "That the second ground of illegality is not good in law, because the same does not constitute an increase of risk as contemplated by law. It is only an accumulative protection for the plaintiff provided by statute, and could not have the effect of releasing the surety required to be given at the institution of bail-trover." (3) "Plaintiff alleges that the said R. W. Ponder was not solvent, and that the setting apart of his estate, or any part thereof, to his widow and orphans as a twelve months support could in no event afford any remedy to the surety on the bond of E. F. Dollar in this case, and the judgment against E. F. Dollar and the surety, R. W. Ponder, would not be a prior lien to a twelve months support; and there are several liens unpaid which would be prior to this judgment even if the contentions of the bondsman, W. E. Oliver, as to the law were correct."

The agreed statement of facts follows: "It is agreed that a fi. fa. was issued on the 17th day of March, 1916, and recorded on the general execution docket, March 20, 1916, against E. F. Dollar doing business as J. J. Dollar Brothers & Co., principal, and W. E. Oliver, bondsman, for the total sum of $386.70, including interest and costs, and that this execution was issued as a result of a suit brought by Mrs. C. J. Boynton against E. F. Dollar doing business as aforesaid, which was an action of trover for certain machinery and other property in the city court of Cairo, to which the said E. F. Dollar doing business as aforesaid filed his answer, and gave an eventual condemnation-money bond with W. E. Oliver as security thereon. That after said defense was filed for the said E. F. Dollar doing business as aforesaid, the case resulted in a verdict and judgment against E. F. Dollar doing business as aforesaid as principal, and W. E. Oliver as bondsman, to which judgment the said E. F. Dollar doing business as aforesaid filed a motion for a new trial in the city court of Cairo, which motion, after being heard, was overruled, and to the overruling of which the said E. F. Dollar doing business as aforesaid excepted, and by bill of exceptions carried the case to the Court of Appeals of Georgia, and that the said E. F. Dollar doing business as afore-

said gave a supersedeas bond for the payment of the eventual condemnation-money bond, with R. W. Ponder as surety thereon. That said case was heard in the Court of Appeals and affirmed by that court. That thereafter, on the 16th day of March, 1916, judgment was had in the city court of Cairo upon the remittitur from the Court of Appeals against E. F. Dollar and bondsman, on which judgment an execution was issued against E. F. Dollar doing business as aforesaid, principal, and W. E. Oliver, bondsman, which execution was entered on the general execution docket in the office of the clerk of the superior court on the 20th day of March, 1916. That no execution was entered against R. W. Ponder, bondsman, and that no execution was entered of record on the general execution docket in the office of the clerk of the superior court of Grady County. That the eventual condemnation-money bond executed by E. F. Dollar and signed by W. E. Oliver as surety at the institution of the trover proceedings, and the supersedeas bond executed by E. F. Dollar with R. W. Ponder as surety in carrying the case to the Court of Appeals, are in the same case, and each and both provide for the payment of the eventual condemnation-money at the conclusion of said case, and both given in the same case between the same parties plaintiff and defendant, and said liability being the sum of $300.00 principal, besides interest and costs, being the amount of the judgment in this case. It is further agreed that W. H. Hudson as deputy sheriff levied the fi. fa. issued as aforesaid, to wit, on March 17, 1916, on whole lot of land No. 284, in the 16th district of Grady County, containing 250 acres more or less, as the property of the defendant E. F. Dollar doing business as aforesaid. This levy was made on the 6th day of April, 1916, and on the 29th day of June, 1916, a claim was interposed by G. Dollar, C. L. Dollar, and Edmond Dollar, which claim was withdrawn by plaintiff on the 3d day of September, 1917. It is further agreed that an injunction was brought by E. F. Dollar against Mrs. C. J. Boynton and D. D. Perkins, sheriff of Grady County, said injunction being brought in Mitchell County, the residence of Mrs. C. J. Boynton at that time, and was filed in the office of the clerk of the superior court of Mitchell County on the 7th day of September, 1920, and served on Mrs. C. J. Boynton on the 9th day of September, 1920, by C. D. Crow, sheriff, and service acknowledged on same date by D. D. Per-

kins, sheriff of Grady County, restraining the proceeding of this execution to sell certain lands levied on thereunder as the property of E. F. Dollar, defendant, doing business as aforesaid, and a temporary injunction was granted against the proceeding under said fi. fa., which temporary injunction was dismissed at the April term of the superior court of Mitchell County, 1923, said injunction being in force until dismissed at plaintiff's cost; said injunction proceeding setting up other matters not involved in this issue. It is further agreed that an injunction brought by E. F. Dollar against Mrs. C. J. Boynton in Grady superior court in May, 1916, as shown by the docket, appears to have been dismissed in 1921, according to docket entry in the office of the clerk of the superior court."

The record in this case shows that the defendant in error was prevented from collecting her judgment by proceedings not instituted by her or at her instance, and by circumstances over which she had no control. This case is controlled in principle by *Harris v. Woodard,* 142 *Ga.* 297 (5) (82 S. E. 902). The grounds of illegality were without merit, and the court properly so held.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*