31669. SHIELDS *v.* THE STATE.

DECIDED SEPTEMBER 6, 1947.

*Stevens & Stevens,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Regardless of what may have caused the original conflict, and who may have been the aggressor therein, the jury was authorized to find that Pete Lowe had abandoned it at the time he was shot by the defendant. There was evidence to support the verdict.

This court is without jurisdiction to entertain an assignment of error that the verdict is contrary to the evidence, if there is any evidence to support the verdict. This is a question that is addressed to the discretion of the trial judge, upon whom is imposed the duty of being satisfied with the verdict before he approves it. *Bell Bros.* v. *Aiken,* 1 *Ga. App.* 36 (2), *Mayor &c. of Gainesville* v. *Henderson,* 12 *Ga. App.* 126 (4), *Aycock* v. *State,* 62 *Ga. App.* 812, and *Sisk* v. *Landers,* 67 *Ga. App.* 538 (supra).

■ (a), (b) The court charged the jury fully and correctly on the law of justification, self-defense, and mutual combat. The special assignment of error contained in the defendant's amendment to his motion for new trial, based upon the court's failure to charge the matter set forth therein, relates to these principles.

A charge in general terms on broad and controlling principles is sufficient in the absence of detailed requests. *Moore* v. *Brown,* 81 *Ga.* 10 (4); *Smith* v. *Watkins,* 183 *Ga.* 557 (supra). In such event, in order that complaint may be made of the court not having charged more, it should appear that a timely request was made. *Betts Co.* v. *Mims,* 14 *Ga. App.* 786 (supra).

The judgment of the trial court overruling the motion for new trial is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*