### 32150. WATKINS *v*. MUSE.

FELTON, J. 1. There having been no exception to the judgment of the trial court which overruled the general demurrer to the petition, no question as to the sufficiency of the petition is presented for adjudication.

2. An exception to the allowance of an amendment allegedly changing the cause of action from one on breach of express warranty to one for breach of implied warranty cannot be made in a motion for a new trial.

3. In the absence of an attack on a properly witnessed and recorded bill of sale placing upon a party the burden of proving its execution, it was not error to admit the bill of sale without proof of its execution. Code, §§ 67-1301, 29-415; *Owens* v. *Bridges*, 13 *Ga. App.* 419 (79 S. E. 225).

4. This was an action to recover damages for breach of warranty of title to a Ford truck (against incumbrances) which plaintiff purchased from the defendant, R. L. Watkins. The Fairburn Banking Company foreclosed a duly recorded bill of sale to secure a debt to the property against E. D. Rainey, who executed it. Plaintiff purchased the truck at the sale under this proceeding and sued to recover the full purchase-price paid the defendant for the truck. In this case plaintiff recovered the amount he expended to protect his title, to wit, $175. It was not necessary for the plaintiff to vouch the defendant into court to establish the defendant's liability before he could sue for breach of warranty (*Cheatham* v. *Palmer*, 176 *Ga.* 227 (3), 167 S. E. 522), even if he could have done so, which he could not do because he was not a defendant in the foreclosure proceedings. Code, § 38-624.

The Appellate Division of the Civil Court of Fulton County did not err in affirming the judgment of the trial court overruling the defendant's motion for a new trial.

*Judgment affirmed.* *Sutton, C. J., and Parker, J., concur.*

DECIDED OCTOBER 13, 1948. REHEARING DENIED NOVEMBER 13, 1948.

*William B. Jones,* for plaintiff in error.
*Camp & Boyd,* contra.