## RIGGS MOTOR CO., Inc. v. ARCHER.

Court of Appeals of Kentucky.

May 25, 1951.

Mapother, Mix & Morgan, Louisville, for appellant.

Hargadon, Bennett & LeMaire, Louisville, for appellee.

SIMS, Justice.

The sole question presented on this appeal is what is the measure of damages due the innocent purchaser of a stolen automobile sold to him by an innocent vendor, who likewise had no knowledge or intimation the car was stolen property. The trial court entered judgment for the purchaser on a verdict of $3,669.29 which represented the purchase price of $2,750, plus title transfer cost and usage tax of $76.25, finance charges of $626.96 and $215.78 the purchaser expended for repairs and improvements he put on the car during the seven months he drove it.

There is practically no contrariety in the evidence. It shows appellant, a reputable motor company of Louisville, on July 2, 1948, in consideration of $2,355 bought the Buick car in question from Stapleton Motors, also a reputable motor car company, of Ashland, Ky. On July 7, 1948, appellant sold the car to appellee, a police officer in Louisville, for $2,750. In addition to the purchase price, appellee paid $76.25 representing the usage tax and transfer fee. Appellee had only $1,100 in cash and financed the balance of $1,726.55 through a loan company to which he executed his note for $2,353.51, of which $626.96 represented the charges of the loan company for financing or carrying the loan. Also, appellee spent $215.78 for repairs, equipment and accessories he put on the car, such as new tires, fog lights, spotlight, etc.

Appellee used the car until February 1949, when federal officers notified him it was stolen property, and soon thereafter

the true owner came for it. The fact that it was a stolen car was reported by appellee to appellant and they turned the car over to the true owner at appellant's place of business. Thereupon, appellee sued appellant for damages for breach of its warranty of title and set out in his petition the facts and figures above stated.

It is the contention of appellant that appellee sued for a rescission of the contract and his measure of damages is the actual price he paid for the car, $2,750; while appellee insists that his suit is one for damages for appellant's breach of warranty of title and he is entitled to $3,669.27 awarded him by the jury, which figure includes the purchase price, transfer fee and tax, finance charges, and repairs, as set out in the first paragraph of this opinion.

A careful reading of the petition convinces us that appellee's suit is not one for rescission of the contract but is for damages against appellant for breach of its warranty of title. True, the petition asks for the cancellation of the note held by the loan company upon which appellee owes a balance of $1,953.51, but the pleader evidently realized he could not obtain such relief, as the loan company was an innocent holder in due course, and he asked judgment against appellant for the balance due on this note. Although the petition is ineptly drawn, it states a cause of action for damages for breach of warranty of title rather than one for rescission of contract.

■ This case has been elaborately and well briefed on both sides. However, after concluding it is an action for damages for breach of warranty of title, most of the difficulty vanishes. It is provided in the Uniform Sales Act, KRS 361.690(6): "The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty." Appellant knew appellee was financing this car through a loan company at a cost of $626.96. Likewise, it knew he was expending $76.25 in usage tax and in having the title to the car put in his name. Certainly, these two items are a loss to appellee "directly and naturally resulting, in the ordinary course of

events, from the breach of warranty", as much so as the loss of the purchase price.

■ The proof shows appellee expended $215.78 for repairs and accessories for the car, the greater part of which went for new tires, spotlight, fog lights, etc. Here, a bona fide purchaser of a stolen automobile put a reasonable amount of repairs and improvements on it, and these he cannot recover from the true owner but lost them to him when the car was repossessed. Bozeman Mortuary Ass'n v. Fairchild, 253 Ky. 74, 68 S.W.2d 756, 92 A.L.R. 419. Therefore, these repairs and accessories were a loss to appellee "directly and naturally resulting, in the ordinary course of events, from the breach of warranty" of title by appellant.

The judgment is affirmed.