## 34321. FILLINGAME *v.* CAMPBELL.

DECIDED JANUARY 28, 1953.

*Wm. B. Jones,* for plaintiff in error.

*Robert W. Spears, Grant, Wiggins, Grizzard & Smith,* contra.

WORRILL, J.   George A. Campbell sued Mrs. Riley Fillingame for $2000, alleged to be due him by the defendant as commissions earned by the plaintiff in selling certain real property as agent of the defendant, in accordance with a contract entered into between the plaintiff and the defendant on July 16, 1951. The defendant answered and denied the allegations of the petition, and further alleged that the parties entered into a contract on August 8, 1951, which was a novation and superseded the July 16th contract; and that, under that later contract, the defendant was obligated to pay at most only $1250 (5% of the sales price); and she prayed that she have judgment against the plaintiff for $500, which she alleged he had received from the purchasers of the property as earnest money, and which he was holding to apply on the amount alleged to be due him.   The trial court, sitting without a jury, after hearing evidence rendered judgment for the plaintiff in the amount sued for.   The defendant filed a motion for a new trial on the usual general grounds, which she amended by adding two special grounds.   The exception before this court is to the judgment overruling that motion.

The first special ground of the motion for new trial is as follows:   "4. Because the court illegally admitted the following evidence over the objection of movant: Mr. P. E. Keiley, sworn for the plaintiff, was asked the following question by plaintiff's counsel.   Question: 'Was that to be a cash sale?'   Answer: 'No,

sir. There was an indebtedness on it.' To this question and answer counsel for defendant made the following objection: 'I object to his going into anything about the contract. He has identified the contract. It is a written contract. The terms of the sale speak for themselves.' Answering this objection, Mr. Grant, counsel for plaintiff, made the following statement: 'There are no terms. It just says the sale price is $25,000. It is ambiguous. Certainly we can explain what is not in there.' Whereupon the court made the following ruling: 'I think it is ambiguous. I overrule the objection.' Movant objected to the admission of such evidence at the time the same was offered and then and there urged the objection as aforestated."

It is elementary law, for which we hardly need cite any authority, that special grounds of a motion for new trial must be complete and understandable within themselves, and that the appellate courts will not consider any ground of a motion for new trial which is so incomplete as to be unintelligible without reference to other grounds of the motion or to the brief of the evidence or to the other parts of the record. See the numerous cases cited under the catchword "Completeness" in Code (Ann.), § 70-301, and at the same place in the supplement thereto.

The ground of the motion for a new trial quoted above is subject to the foregoing criticism. It contains no explanation of the nature of the evidence being elicited from the witness being questioned, no statement or exhibit showing the terms of the contract referred to in the statement of objection to the admission of the evidence, and absolutely no information upon which this court could ascertain whether or not the ground of the motion is meritorious. Without diligent search through the brief of the evidence and the record to ascertain the nature of the evidence or the facts to which the witness was testifying and to fit the question and answer objected to into the context of the witness's testimony, and, without further reference to the record to ascertain the terms of the contract referred to, this court cannot ascertain whether there is any merit in this ground of the motion. For these reasons this ground is altogether too vague, uncertain, and incomplete to authorize this court's consideration of the same.

■ The second special ground complains that the trial court

erred in allowing the plaintiff to amend his petition after the completion of the evidence and during the argument on the merits of the case. This ground shows that the trial court allowed the amendment objected to subject to demurrer, and inquired of counsel for the defendant how much time he needed to demur to the same, to which question counsel replied, three or four days; and that the trial court then recessed the case for five days to permit the defendant to demur; that thereafter she demurred (though it does not appear from this ground of the motion or otherwise from the record in this court whether counsel did so in writing), and the demurrer was overruled. No exception pendente lite to that order was preserved.

This ground of the motion for new trial cannot be considered. The improper allowance of an amendment to a petition is the subject matter of a timely and direct exception or of exceptions pendente lite, but is not a proper ground of a motion for a new trial. *Bullock & Co.* v. *Cordele Sash, Door & Lumber Co.*, 114 *Ga.* 627 (1) (40 S. E. 734); *Domingos* v. *Dessau*, 34 *Ga. App.* 575 (1) (130 S. E. 544); *Georgia-Florida Motor Lines* v. *Slocumb*, 45 *Ga. App.* 204 (1) (164 S. E. 166); *Watkins* v. *Muse*, 78 *Ga. App.* 17 (2) (50 S. E. 2d, 90).

■ The plaintiff in error argues, on the general grounds of the motion, that the contract of sale executed by the defendant on August 9, 1951, was a novation of the contract of July 16 (which reserved to the plaintiff a 10% commission on the sale price of the property); and that, under the later contract, the defendant was obligated for a 5% commission. As we view the case, it is unnecessary to decide whether the August 9 contract constituted a novation of the earlier exclusive agency contract between the parties. The first contract did provide that the plaintiff should have a commission of 10% of the sales price of the property and, if there was no novation, the evidence would have authorized a verdict and judgment for the amount sued for under the first contract. However, the second instrument, which was in the form of an offer to buy the property on terms different from those stipulated in the original contract, which offer was made by the eventual purchasers of the property to the defendant through the plaintiff as her agent, and signed as accepted by the defendant on August 9, provided that the

seller agreed to pay the agent a commission in accordance with the schedule printed on the reverse side of the instrument. That schedule provided that, for the sale of property outside the metropolitan area of Atlanta, on improved or vacant property, a charge of not less than 5% and on acreage and farms a charge of 10% of the sales price would be made. The term "acreage and farms" as there used was an ambiguous term, which opened the case to parol evidence to show the meaning of that term or to show what the parties understood it to mean at the time of their entering into the agreement. The evidence showed that the property involved was 6.1 acres of land together with four buildings thereon, located on State Highway No. 42, 11 miles south of Atlanta, which location was admitted by the defendant in her answer to be outside the metropolitan area of Atlanta, and the plaintiff's witness Mr. Keiley testified that he and real estate dealers in general considered such property as acreage, and that anything over one acre is considered to be acreage within the meaning of the rate schedule. The trial judge was authorized to find that, when the defendant signed the second instrument, she stated to her attorney who was present that the commission was $2500, and asked him if she should sign it, to which he replied that, if she really wanted to sell the property, she should sign. The evidence further shows that, by the original instrument signed by the defendant, she granted the plaintiff the exclusive right to sell or otherwise negotiate her proposition at the price and upon the terms therein agreed upon, or at any less price or on any other terms to which the parties might thereafter agree, for 90 days, and agreed to pay him a commission equal to 10% of the sales price. In view of that evidence, the trial judge was authorized to find that the parties in signing the contract of August 9 understood and agreed that the commission to be paid for the plaintiff's services in consummating the sale of the property was $2500 or 10% of the sales price. It follows that the trial court did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*