35094.   HALL *v.* FIRST NATIONAL BANK
OF ATLANTA, Executor.

DECIDED MARCH 11, 1954—REHEARING DENIED MARCH 31, 1954.

*Lucian J. Endicott,* for plaintiff in error.

*James M. Sibley,* contra.

TOWNSEND, J. ▓ The doctrine of law of the case includes every applicable proposition of law actually applied to the pleadings involved; and a rule thus announced, so far as it relates to the case in which it was laid, is, in all subsequent proceedings therein, binding alike upon the trial court and the appellate court announcing it. *Union Central Life Ins. Co.* v. *Trundle,* 65 *Ga. App.* 553 (15 S. E. 2d 909); *Willingham Stone Co.* v. *Whitestone Marble Co.,* 36 *Ga. App.* 230 (2) (136 S. E. 180). It follows that the court properly overruled both the "amendment" of the plaintiff to her objections to the executor's petition to vacate the year's support judgment, and the motion to dismiss such petition, filed in May, 1953, since they raised exactly the same questions which had been raised by her general demurrer and motion to strike of June, 1951, which latter were held by this court on appeal to have been properly overruled. This is in effect conceded by certain portions of the disallowed amendment, in which it was alleged that the refusal to dismiss the executor's petition was error, and that adherence to such error has the effect of depriving the plaintiff of her constitutional rights. As to this contention, in the first instance, it was not contended on the former appeal that the overruling of the plaintiff's demurrer to the executor's petition deprived her of any constitutional rights, for which reason it is too late to raise such question now, even if it were otherwise properly raised. In the second place, an erroneous decision by an appellate court is not ordinarily a ground for attack on constitutional grounds, because, as stated in Lombard *v.* West Chicago Park Commissioners, 181 U. S. 33 (21 Sup. Ct. 507, 45 L. ed. 731): "If the proposition as thus understood was held to be sound, as it can not be, every case decided in the courts of last resort of the several States would be subject to the revisory power of this court, wherever the losing party deemed that the reasoning by which the State court had been led to decide adversely to his rights was inconsistent with the reasoning previously announced by the same court in former cases." See also *Harris* v. *Wood-*

*ard,* 144 *Ga.* 211 (86 S. E. 1097). These exceptions are without merit.

■ Special ground 1 of the amended motion for new trial assigns error on the admission in evidence of a contract and separation agreement between the plaintiff and the intestate, dated September 30, 1940, in which the intestate agreed to give, and the plaintiff agreed to accept, certain real and personal property "in full and complete settlement of both temporary and permanent alimony." This agreement was completely executed by the parties, and was not thereafter annulled by subsequent cohabitation. Special grounds 6 and 7 assign error on the direction of a verdict, on the ground that there were issues of fact which the jury should have passed upon.

The executed separation agreement was relevant and material to the issues being tried, and was accordingly properly admitted in evidence. See *Powell* v. *Powell,* 199 *Ga.* 723(3) (35 S. E. 2d 298). The *Powell* case dealt with the wife's right to alimony, and we are here dealing with the widow's right to a year's support, but the admissibility and effect of the contract is the same in any event, since, under the provisions of Code § 30-218, the allowance of permanent alimony to the wife bars her of her rights to a year's support from her husband's estate. *Hall* v. *First National Bank of Atlanta,* 87 *Ga. App.* 142, 146 (73 S. E. 2d 252). And this is true although the contract is not made the decree of court, and although it does not specifically state that it is "in lieu of year's support." *Gore* v. *Plair,* 173 *Ga.* 88 (159 S. E. 698). Permanent alimony may be acquired by the wife from her husband either by virtue of a decree of court or by contract between the parties made at a time when they are living in a bona fide state of separation, and where the marital relation is not subsequently renewed. Code § 30-217. Such a contract, which has been executed, and which has not been annulled by subsequent cohabitation and reconciliation, is a bar to a year's support from the husband's estate.

The judgment of the superior court vacating and setting aside the order of the ordinary granting the year's support, which judgment was affirmed in *Hall* v. *First National Bank of Atlanta,* supra, became the law of the case that this judgment was not an abuse of the discretion of the judge of the superior court. Since the wife had accepted the property from her husband

under the contract between them providing for permanent alimony, at a time when they were living in a bona fide state of separation, and since at the time of the death of her husband they had not resumed their marital status, such executed contract was an allowance of permanent alimony which bars her from recovery of year's support. Inasmuch as this is true as a matter of law, there were no facts presented to the jury which would have authorized a verdict to the contrary. Accordingly, it was not error for the trial court to direct the jury to return a verdict against the allowance of the year's support.

■ Since the original judgment of the ordinary approving the year's support had been vacated and set aside by the judge of the superior court, which judgment was affirmed by this court, such original judgment was a nullity, and there was no error in refusing to allow the same in evidence.

■■ "Assignments of error that the court erred in holding a stated legal proposition, or in failing to hold another proposition, without showing how he so held or failed to hold, or any distinct ruling on the subject, do not sufficiently invoke the decision of this court further than as a consideration of the point may be involved in an exception to the direction of a verdict." *Real Estate Banking & Trust Co.* v. *Baldwin Locomotive Works,* 145 *Ga.* 831 (6a) (90 S. E. 49). Accordingly, the second special ground of the amended motion for a new trial is without merit.

■ Special grounds 3, 4, and 10 assign error on rulings on pleadings. Since rulings on pleadings cannot be excepted to in a motion for a new trial, these grounds present no question for decision. *Padgett* v. *Reeves,* 86 *Ga. App.* 137 (2) (70 S. E. 2d 922); *Fillingame* v. *Campbell,* 87 *Ga. App.* 481 (2) (74 S. E. 2d 392).

■ Grounds of an amended motion for new trial which seek to assign error on the admission or exclusion of testimony, but which fail to set out the testimony given or expected, or the objection offered thereto, are too incomplete for consideration. *Fillingame* v. *Campbell,* supra. Accordingly, special grounds 8 and 9 present no question for decision.

The trial court did not err in disallowing the plaintiff's amendment to her objections, nor in denying the motion to dismiss the petition of the executor or the motion for a new trial as amended.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*