35278. D'ENGLERE *v.* LANDER MOTORS, INC.

DECIDED OCTOBER 1, 1954—REHEARING DENIED OCTOBER 25, 1954.

890

*Saul Blau, Charlie Franco,* for plaintiff in error.

*T. Charles Allen, Fisher & Phillips,* contra.

GARDNER, P. J. ■ Regarding the general demurrer: The plaintiff alleges a cause of action against the defendant because of damage allegedly suffered by the plaintiff through a defective title to a 1948 Dodge truck, which the defendant warranted to be clear and in himself. We have no difficulty in reaching the conclusion that the court did not err in overruling the general demurrer.

■ Since we have quoted the petition and the demurrers, we will not reiterate their allegations here.

Special demurrers: Paragraphs 2, 3, 4, 5, and 6, regarding the bill of sale, are without merit. Paragraphs 7, 8, 12, and 13, regarding repairs and improvements to the truck, are without merit. Paragraphs 9, 10, 11, and 14, regarding the fi. fa. and costs in the Superior Court of Dougherty County, are without merit. Paragraph 15 regarding counsel fees is not meritorious. We will not discuss these special demurrers in detail as to each of them, but will group them as above intimated and discuss each group generally.

(a) It was not necessary for the plaintiff to allege anything further regarding the bills of sale, since that was evidentiary matter and needed no further allegation concerning same.

(b) Regarding the allegations as to repairs and improvements to the truck, such elements of damage have never been passed upon in this State by our appellate courts under a breach of warranty by the seller. However, Riggs Motor Co. *v.* Archer, 240 S. W. 2d 75, a Kentucky case, held that repairs and im-

provements on a stolen automobile were a loss to an innocent purchaser directly and naturally resulting in the course of evidence and recoverable items of damage. Items somewhat analagous to some of those in this case will be found in *Watkins* v. *Muse,* 78 *Ga. App.* 17 (50 S. E. 2d 90). It must be kept in mind that the plaintiff purchased this truck from the defendant for the purpose of resale under a warranty that the title was in the defendant and was free of all liens. The burden was not on the purchaser, the plaintiff in this case, to search the records throughout the State of Georgia to determine whether or not the purchased vehicle was encumbered with liens prior to the purchase. *State Mutual Ins. Co.* v. *McJenkins Ins. &c. Co.,* 86 *Ga. App.* 442, 444 (71 S. E. 2d 670) is cited by counsel for the defendant. That case deals with a suit for breach of warranty regarding title to land and is inapplicable to the present case, which deals with warranty as related to personalty. In this connection, see *Smith* v. *Williams,* 117 *Ga.* 782 (45 S. E. 394, 97 Am. St. R. 220), and also *Cook* v. *Pollard,* 50 *Ga. App.* 752 (179 S. E. 264).

(c) As to costs in Dougherty County and counsel fees, and in conclusion as to all these special demurrers not herein specifically mentioned, in view of the whole record it must be kept in mind that all those items were incurred in an effort on the part of the plaintiff to protect his warranty given him by the defendant, and such were proper items of damage.

■ Special ground 1 of the motion for new trial assigns error because, as contended, the verdict of $949 is excessive. Counsel attacks these items of recovery set out in the petition on demurrer, which the court overruled and which ruling we have sustained. As to the allegations, the proof substantiated the recovery except that the plaintiff lacked approximately $75 recovering the amount for which suit was brought. We have considered the reason the jury did not return a verdict for the full amount, and have reached the conclusion that, since the defendant and the plaintiff collaborated on the proposition of filing a claim in Dougherty County where the truck in question was under levy—the evidence authorized the jury to find that the defendant required the plaintiff to send its attorneys to Dougherty County to contest the claim, and that, after examin-

ing the prior bills of sale of record in Dougherty County, against the vehicle in question, the attorneys for neither the defendant nor the plaintiff appeared; and that, as to the expense of $150, which the plaintiff alleges as an item of damage against the defendant in the proceedings, perhaps the jury decided that this item was too much and therefore reduced the amount of the verdict to $949. Under this whole record, the verdict of the jury is not excessive.

Special ground 2 complains that the item of repairs as set out in the petition was not properly proven. We disagree with that contention. The evidence shows that the repair bill was submitted by the auditors of the plaintiff as true and correct, and the defendant made no attack as to this item. This ground is without merit.

Special grounds 3, 4, 5, 6, and 7 are in regard to the receipt of the Sheriff of Dougherty County for the truck in question. A property exemplification of the record of the proceeding in Dougherty County appears in the documentary evidence. These grounds are without merit.

Special grounds 8, 9, 10, and 11 complain of certain excerpts from the charge of the court. When we consider the full charge in view of the petition and the answer and the complete evidence in this case, we find that these special grounds are without merit.

■ Regarding the general grounds, the jury were authorized under the evidence to return the verdict rendered. These grounds are without merit.

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*