## 37197.   JONES *v.* THE STATE.

DECIDED JUNE 23, 1958.

*Joe Salem,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Robert O'Neal, Eugene L. Tiller,* contra.

GARDNER, Presiding Judge. ■ Counsel for the defendant cites *Chandler* v. *State,* 63 *Ga. App.* 304 (11 S. E. 2d 103) as authority for reversing the case at bar. In that case there was sufficient evidence for this court to reverse the judgment of the trial court. There a police officer, a witness for the State, admitted on cross-

examination that the ribbon in question (the ribbon being practically the only evidence presented) "could be some other kind of ribbon" other than a lottery ribbon. It follows that that case is not authority for reversal for the case at bar. Counsel also cites *Lemon* v. *State*, 66 *Ga. App.* 653 (19 S. E. 2d 52). In that case the evidence did not exclude every other reasonable hypothesis save that of the guilt of the accused. The facts there are not applicable to the facts of the instant case. Counsel also cites *Jeffries* v. *State*, 92 *Ga. App.* 483 (88 S. E. 2d 713). There three codefendants were acquitted and it was shown that, in order for the crime to have been committed, it was necessary for more than one person to have been involved. For that reason the conviction of the defendant was void because of repugnancy. That case is not authority for reversal of the case at bar.

Counsel for the State cite *Holmes* v. *State*, 65 *Ga. App.* 13 (13 S. E. 2d 114) as authority to show that the evidence is sufficient to sustain the verdict. The facts in the instant case are even stronger against the defendant than the facts in the *Holmes* case. See also *Ransome* v. *State*, 53 *Ga. App.* 490 (186 S. E. 436).

In *Mills* v. *State*, 71 *Ga. App.* 353 (30 S. E. 2d 824) this court went into detail step by step showing the ramifications of a numbers game case and stated that the finding in the defendant's home of paraphernalia used in the operation of the game is presumed to show ownership by the defendant. In the instant case we find, among other evidence, the following: Possession of lottery paraphernalia and testimony of a police officer of the detailed manner of the operation of a lottery. See Code § 26-6502. When we consider the record in the instant case as compared with the *Mills* case, and the many cases annotated under the catchword "Number game" following that Code section involving the operation of the lottery game, known as the number game, we are constrained to hold that the evidence in the instant case is amply sufficient to sustain the verdict.

■ Counsel for the State cite and rely on *Knowles* v. *Coachman*, 109 *Ga.* 356, 358 (34 S. E. 607) regarding evidence in a certiorari case. In that case the Supreme Court stated: "Upon the trial of a certiorari case, it is to the answer of the magistrate, or judge of the lower court, and not to the petition for the writ

of certiorari, that the superior court must look, in order to ascertain what occurred upon the trial of the case below. . . . If the plaintiff desires to controvert any statement contained in the answer, his remedy is to traverse the truth of the same." This case is authority for that point of law. See also *Thompson v. Becham,* 2 *Ga. App.* 84 (58 S. E. 311) to the same effect. In *Shirley* v. *Byrd,* 162 *Ga.* 598 (134 S. E. 316) it was stated correctly that grounds for a motion for a new trial upon the admission of evidence should affirmatively show the objection made at the trial to such evidence. In regard to admission or exclusion of testimony, see *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192), *Hunter* v. *State,* 148 *Ga.* 566 (97 S. E. 523), *Kerney* v. *State,* 21 *Ga. App.* 500 (94 S. E. 625), and *Fillingame* v. *Campbell,* 87 *Ga. App.* 481 (2) (74 S. E. 2d 392). Where no error of law appears but only issues of fact are involved in an appeal to an appellate court, the verdict of the jury will not be disturbed. See *Bell Brothers* v. *Aiken,* 1 *Ga. App.* 36 (57 S. E. 1001), and *Shields* v. *State,* 75 *Ga. App.* 630 (44 S. E. 2d 59).

The Superior Court of Fulton County did not err in overruling the petition for certiorari.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*