15614.   WHITESTONE MARBLE CO. *v.* WILLINGHAM STONE CO.

STEPHENS, J. 1. In a suit in trover, where the evidence presented an issue of fact as to whether the person through whom the defendant acquired the property and through whom he claimed to have bought it had authority, as agent for the plaintiff, to sell the property, communications afterwards made from the plaintiff to the defendant, in which the plaintiff did not repudiate the act of the alleged agent, but in which he sought negotiations with the defendant solely for the purpose of settling the matter relative to the property in controversy by a payment from the defendant to the plaintiff of an amount to be mutually agreed upon by them as the value of the property, while possessing strong probative value as a ratification of the act of the alleged agent as constituting a sale of the property, and while strongly tending to establish the entire transaction as a sale, can not, although the plaintiff

had never made any demand for a return of the property, be regarded as conclusively and as a matter of law establishing the transaction as a sale. Under the evidence the jury would have been authorized to find that there had been no sale, but that the title to the property was in the plaintiff, and that the property had been converted by the defendant. The court therefore erred in directing a verdict for the defendant.

2. A letter written to the defendant by a stranger to the transaction, as set out in ground 6 of the amendment to the motion for a new trial, narrating some of the incidents of the transaction, being hearsay, was improperly admitted in evidence.

3. Where the alleged agent had testified that he possessed authority from the plaintiff to sell certain property belonging to the plaintiff, which included the property which is the subject-matter of this litigation, and that he made a sale of the other property, which the plaintiff did not complain of, it was not error to admit the agent's testimony as to such sale. *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 25, 1925.

Trover; from Fulton superior court—Judge Bell. March 24, 1924.

*Etheridge, Sams & Etheridge,* for plaintiff.
*George F. Gober,* for defendant.