### 27816. UNION CENTRAL LIFE INSURANCE COMPANY *v.* TRUNDLE.

DECIDED NOVEMBER 8, 1939. REHEARING DENIED NOVEMBER 24, 1939.

114

*R. Carter Pillman, Matthews, Owens & Maddox,* for plaintiff in error.

*D. W. Mitchell, W. E. & W. G. Mann,* contra.

Sutton, J. ■ The petition as amended set forth a cause of action. It alleged that the plaintiff became totally and permanently disabled on April 1, 1933, and that he could not pursue his former occupation of salesman and service manager or any other gainful occupation; that on or about October 1, 1933, he made proof of his disability and submitted the same to the home office of the defendant as provided by the policy, and that on October 7, 1933, the defendant denied in writing liability on the policy and claim. It was not necessary to set forth the details of the proof, such being evidential, but it was alleged that plaintiff reported his disability to the defendant's agent, Tom Jones, in Memphis, Tennessee, who in turn notified the home office thereof, and that thereafter, on October 7, 1933, plaintiff received from the defendant's agent at Memphis a letter in which all liability was denied; that he is still unable to perform his former occupations of salesman, sales manager, and service manager, and is entitled to certain named benefits under the policy. The court did not err in overruling the defendant's general demurrer.

(a) The special demurrers are not argued or insisted on, and must be treated as abandoned.

■ Assuming, but not deciding, that the evidence introduced on the hearing of the case showed that the plaintiff became totally and permanently disabled on June 1, 1930, as a result of a stroke of paralysis, and that such disability has continued from that time, it is apparent from the record that he has never complied with the provisions of the policy as to furnishing due proof and is not entitled to recover. Furthermore, as hereinafter shown, there was no such refusal to pay, on the part of the company, as would make the filing of proof unnecessary. In fact, the plaintiff did not plead, and does not now insist, on any waiver by the company, but based his right to recovery on the contention that he had fully complied with the conditions precedent as to furnishing proof. The policy provided: "On receipt by the company at its *home office* of due proof that the insured is totally disabled, as defined above, and will be continuously so disabled for life, the disability benefit shall accrue as of the beginning of such total disability, but not more than six months prior to such receipt of such proof. . ." (Italics ours.) It further provided: "Due proof of such disability must be submitted during the lifetime of the insured prior to or within

three months after default in any premium payment." It was agreed by stipulation between the parties that the only correspondence to or from the home office of the defendant as to disability, exclusive of a letter from the home office to plaintiff's counsel under date of December 17, 1934, informing them that as the policy had lapsed a claim for benefits could not be considered, consisted of the letter written by Jones of the Memphis office, under date of September 27, 1933, to the home office, and the letter from the home office, under date of October 3, 1933 (not set out in the record), in reply to the letter of September 27, 1933, from the Memphis office. It was admitted by the plaintiff that he did not pay the premium due in July, 1934, and had not paid any since then.

Obviously, any proof of loss or claim sent in by plaintiff's attorneys, if any was sent, in connection with their letter of December 11, 1934, which was replied to under date of December 17, 1934, as above mentioned, was not "prior to or within three months after default in any premium payment." Therefore, the only timely information communicated to the home office as to any disability of the plaintiff during its existence, if any proof was made, could only have been by reason of the letter of September 27, 1933, from Jones of the Memphis office. But did it serve this purpose? The plaintiff testified that he went to the Memphis office about that time and reported to Tom Jones, agent of the company, his disability, and appointed him to act for him in advising the company, that Jones thereupon dictated a letter to the company, the contents of which he did not then know, and it is this action of the plaintiff and the letter of Jones that counsel for the plaintiff contend constitute a compliance with the provision of the policy as to proof of disability. The plaintiff did not personally send any proof to the home office. He relied on Jones, and it would be a sufficient compliance if due proof was transmitted by anybody on behalf of the plaintiff. But notice to Jones of the plaintiff's disability would not be equivalent to "receipt by the company at its home office of due proof" etc., as provided in the policy. If Jones failed to transmit to the home office proof or notice of *total and permanent* disability the result, as affecting the home office, was the same as if the plaintiff had not requested Jones to act for him. For this purpose Jones was the agent of the plaintiff and not of the company.

The letter written by Jones was put in evidence and read as follows: "We are advised by the above insured [R. O. Trundle] that for a considerable period, beginning about June 1st, 1930, he was incapacitated and totally unable to engage in any work of any nature. At this time he has recovered sufficiently to be employed. He has raised the question as to whether he would not be entitled to the disability benefits for the period during which he was incapacitated, provided, of course, that proper evidence is submitted and established for the correctness of his statement. We have advised him to secure from each of the attending physicians who consulted him during his period of infirmity full statements, and these will be forwarded to you as soon as received." This is the letter which the plaintiff, in his petition, called upon the defendant to produce and have in court upon the trial of the case, to be used as evidence on behalf of the plaintiff. Clearly it does not purport to notify the home office of any total and permanent disability of the plaintiff, but only serves the purpose of inquiring whether or not the company would allow him disability benefits for a period, after June 1, 1930, *when he was temporarily incapacitated,* "provided, of course, that proper evidence is submitted and established" etc.

It is not contended that any proof of disability had been submitted prior to September 27, 1933, and as Jones, acting for the plaintiff, represented to the home office that he had recovered sufficiently to be employed (the plaintiff testified that at that time he was working for Oliver Chill Plow Company and remained with them until June 30, 1934), evidently the home office took the position that the plaintiff was not entitled to any benefits because he had not, *during his disability,* made any proof thereof. This is inferable from the fact that Jones, after hearing from the home office, wrote the plaintiff as follows on October 7, 1933: "Although you have not provided us with the letters from the Litte Rock physicians who attended you during your illness, we wrote directly to our company and submitted your case. Their reply is that disability clause No. 6, the clause attached to your policy, provided that proof of disability is to be submitted while the insured is totally disabled. Indeed we regret that it is impossible for the company to take any action at this belated date on your case." Certainly that correspondence does not show that the home office had

received any proof of total and permanent disability during the disability or that the company had declined to pay the plaintiff, under the policy, for any total and permanent disability, but only that they would not pay benefits for a disability reported as having temporarily existed prior to September 27, 1933, but of which no report was made during its existence.

Furthermore, it appears that the plaintiff never afterwards supplied the home office or Jones with statements from attending physicians as to even a temporary disability, which was all that Jones's letter, reasonably construed, related to. Even if it could be said that the evidence showed that since June 1, 1930, the plaintiff had suffered from a total and permanent disability, as defined by the policy, it must be held, as a matter of law, that the record fails to disclose that the plaintiff at any time complied with the condition precedent as to furnishing due proof to the home office of total and permanent disability during its existence and while the policy was in full force and effect. As shown above, the plaintiff admitted that he had not paid the July, 1934, extension premium, or any premium since, and that the policy had lapsed. The record shows that under date of October 14, 1934, he was notified in writing by the home office that because of his failure to pay the July, 1934, premium, the policy had become null and void on October 14, 1934. Under these circumstances the plaintiff was not entitled to recover, and the trial judge erred in not granting the motion for new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*