Frank *v.* McCafferty Ford Company et al.,
Appellants.

Argued March 22, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

reargument refused July 12, 1960.

*Goncer M. Krestal,* with him *Paul D. Guth,* and *Blank, Rudenko, Klaus & Rome,* for additional defendant, appellant.

*Albert L. Bricklin,* with him *Bennett and Bricklin,* for defendant, appellant.

*Thomas S. Howland,* with him *Howland and Hess,* for plaintiffs, appellees.

OPINION BY WOODSIDE, J., June 15, 1960:

Broad Motors Company is appealing from a judgment entered against it for the sum it received for the sale of a stolen automobile.

In January of 1958 Broad Motors Company, warranting good title, sold a used 1957 Ford Thunderbird automobile to McCafferty Ford Company for a consideration of $2400. In February, 1958, McCafferty Ford Company, warranting good title, sold the automobile to Anthony J. and Margaret E. Frank for a consideration of $3,056.50.

In July of 1958 agents of the Federal Bureau of Investigation informed the Franks that the automobile was a stolen car. The Franks immediately notified their vendor, McCafferty Ford Company, who immediately notified its vendor, Broad Motors Company.

Later that month Allstate Insurance Company informed the Franks that it had title to the automobile, which had been stolen from its assignor. The Franks immediately notified McCafferty Ford Company who immediately notified Broad Motors Company.

Allstate Insurance Company thereafter filed a complaint in replevin with bond against the Franks in the Court of Common Pleas of Montgomery County. The Franks immediately notified McCafferty Ford Company and requested it to appear and defend title in the action. McCafferty Ford Company immediately notified Broad Motors Company and requested it to appear and defend title in the action. Neither company appeared, and a default judgment was entered in favor of Allstate Insurance Company.

Anthony J. and Margaret E. Frank then filed a complaint in assumpsit against McCafferty Ford Company in Philadelphia Municipal Court for breach of warranty of title. McCafferty Ford Company joined Broad Motors Company as an additional defendant, pursuant to Rule 2252(a) of the Pennsylvania Rules of Civil Procedure.

The case was tried before Judge JOHN ROBERT JONES, sitting without a jury. Over the objections of both defendants, the plaintiffs introduced into evidence as an exhibit an exemplified copy of the proceedings in replevin. Decision was rendered for the plaintiff against the defendant in the amount of $3,056.50 plus interest, and for the defendant against the additional defendant in the amount of $2400 plus interest.

The defendant filed exceptions to the findings of the trial judge; the additional defendant moved for judgment n.o.v., or, in the alternative, for a new trial. The trial judge dismissed the defendant's exceptions and denied the motions for judgment n.o.v. and for a new trial.

Broad Motors Company appealed from the entry of judgment against it. McCafferty Ford Company then appealed from entry of judgment against it.

Under section 2-312 of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12A P.S. §2-312, there was in the contract of sale involved in this case a warrant by the sellers that the title conveyed was good and its transfer rightful.

The defendant admits its liability and appealed only to protect itself against a possible decision here favoring the additional defendant.

Over a hundred years ago, our Supreme Court said in *Ives v. Niles*, 5 Watts, 323, 325 (1836), ". . . no rule is better settled in the law than, that the warrantor of the title, as between him and his warrantee, or those claiming under the latter, shall not be permitted to gainsay the propriety and the justice of the recovery of the land from the warrantee, under an adverse title alleged to be paramount to that of the warrantee, where the warrantor has been a party himself to the ejectment in which the recovery is had, or *has had notice of the action being brought from the warrantee, in time to enable him to defend if he pleases.* The warrantor is estopped by the recovery in such case from denying that it was under a better title the recovery was had, than that which he passed to his warrantee . . ." (Emphasis supplied.)

Chief Justice GIBSON said in *Ayres v. Findley*, 1 Pa. 501, 502 (1845) "where a warrantor has notice to defend, the judgment will conclude him".

In *Hanley v. Ryan*, 87 Pa. Superior Ct. 6, 11 (1926) this Court said: "But in order that the judgment against the party secondarily liable may be used as the basis of suit against the party primarily liable, notice of the pendency of the suit must be given the latter, and opportunity afforded to take part in the defense: . . . When such notice is given, he is no longer regarded as a stranger to the judgment that may be recovered and will be concluded by it whether he appeared or not, as to the points and issues necessarily determined by it; though he is not precluded from setting up any defense which from the nature of the action or the pleadings he could not have interposed in the first action had he been a formal party to it."

None of these cases involved a warrant by the seller of personal property. The appellant argues that a different rule should be applied because the seller was here required to defend in Montgomery County and that it should be required to defend the title which it warranted only at its domicile in Philadelphia County where it sold the automobile. We can see no merit to this contention, nor can we see any other reason to apply a different rule to warrantors of stolen personal property than to warrantors of real estate.

As stated by the court below: "It was admitted at the trial that both the original and additional Defendant had received notice of the pendency of the Replevin proceedings and that Plaintiffs would not appear and defend.

"The Statement of the Plaintiff in the Replevin proceedings averred the ownership of the automobile to have been in James Uffer, Sr., Trenton, N. J., that it had been stolen January 9, 1958, in Trenton, N. J., and that it was the assignee of Uffer to whom it had paid its insurance liability. Note that two days after the averred theft it was registered in South Carolina. The

peregrination of this automobile and its alleged owner in the month of January, 1958, South Carolina, West Virginia, New Jersey, Pennsylvania, in and of itself should have caused a prospective purchaser to look askance at the alleged title of the seller."

The failure of the dealers to defend the replevin action brought against their warranties after timely notice of the action and an opportunity to defend their title, made the exemplified copy of the proceedings in replevin admissible in the assumpsit action. On the basis of this evidence, the court below properly entered judgment for the plaintiffs against the defendant and for the defendant against the additional defendant.

The courts and the legislatures of this and other states have been concerned with preventing unscrupulous automobile dealers from taking unfair advantage of the purchasers of motor vehicles. The appellant here would have us abandon a legal principle recognized in Pennsylvania for over a century and adopt in its place a new rule of proof which would make it so difficult for the purchaser of a stolen car to recover the purchase price from the dealer who sold it to him that an unscrupulous dealer could sell stolen cars with practical immunity.

The appellant relies primarily upon *Montgomery v. Michelson,* 9 Pa. D. & C. 525, a Philadelphia Municipal Court case decided in 1927. It does not support appellant's contention. If it did, it would now be overruled by the court which issued it. Under no circumstances, would we be bound by it. It requires no discussion.

In its brief McCafferty Ford Company states as follows: "McCafferty Ford Company is in the anomalous position of appealing from a judgment which it believes to be just and pursuant to law and with which it is satisfied. It has been placed in this position be-

cause the trial resulted in two judgments: one against it, and one in its favor. If Broad Motors Company should win its appeal from the second of these judgments and if McCafferty Ford Company should not appeal from the first of them, then McCafferty Ford Company would be forced to shoulder the entire loss for the sale of a stolen car, even though it purchased the car from a solvent vendor which warranted its title."

As the McCafferty Ford Company was satisfied with the judgment which required it to pay a substantial sum and was here urging, along with the appellees, that the judgment should be affirmed, it should not be required to pay any of the costs of these appeals.

Judgment affirmed. All costs of these appeals to be paid by Broad Motors Company.