378 So.2d 319 (1980)
BILL BRANCH CHEVROLET, INC., Appellant,
v.
James T. REDMOND, Appellee.
No. 78-955.
District Court of Appeal of Florida, Second District.
January 4, 1980.
*320 James R. Clouse, Jr. of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellant.
Charles R. Holley, Naples, for appellee.
RYDER, Judge.
Bill Branch Chevrolet, Inc. appeals from the award to James T. Redmond of compensatory and punitive damages, alleging that the damages were not supported by the evidence. We agree that appellee failed to prove a basis for punitive damages, and we reverse the award of punitive damages.
Appellee testified below that he went to appellant's place of business to buy a vehicle. After talking with two or three different people, appellee ended up talking with a man who identified himself as Joe Watts. Appellee made a deal to buy a blue Caprice automobile for $1,000.00 less than the marked price, the car to be delivered to appellee's residence. Appellee testified that he gave the salesman $1,000.00 cash in return for a receipt and business card. Appellee continued that the automobile was delivered to him the following night by Watts, and he gave Watts the balance of $5,200.00. Watts gave appellee a printed sales contract showing the name and address of Bill Branch Chevrolet and reflecting the payments made with no balance due.
One month after acquiring possession, appellee contacted employees of appellant saying he wanted the title papers for the automobile. Employees of appellant had reported the car stolen, and appellee was given the name of the insurance company. Appellee testified that he subsequently lost time from work and suffered business disadvantages because he was unable to use the vehicle without title and registration.
The jury assessed actual damages in the amount of $2,500.00 and punitive damages in the amount of $7,000.00.
Although inartfully drawn, appellee's complaint essentially sought damages for breach of the implied warranty of good title. Section 672.312, Fla. Stat.(1977). See Walker v. Hilliard, 329 So.2d 44 (Fla.1st DCA 1976); Frank v. McCafferty Ford Company, 192 Pa.Super. 435, 161 A.2d 896 (Pa.Super. 1960). The facts reflect that appellee protected his right to damages by notifying the seller of the breach one month after purchase. See Section 672.607, Fla. Stat. (1977). With this done, appellee was entitled to the "difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted," with good title. Section 672.714(2), Fla. Stat. (1977). Additionally, appellee was entitled to incidental and consequential damages. Section 672.714(3), Fla. Stat. *321 (1977). Incidental damages include "... any ... reasonable expense incident to the ... breach." Section 672.715(1), Fla. Stat. (1977). See Council Brothers, Inc. v. Burnham Corp., 473 F.2d 400 (5th Cir.1973); Riggs Motor Company v. Archer, 240 S.W.2d 75 (Ky. 1951).
Appellee submitted no evidence to show the difference in value between the goods as accepted and as warranted, and thus cannot recover under that provision. Appellee did submit evidence of lost work and monetary inconvenience resulting from his inability to use the unregistered car and his attempts to obtain title for it.
We hold the evidence submitted to be sufficient to prove that these damages were reasonable expenses incident to appellant's breach, and we hold the evidence sufficient to support the jury's award of $2,500.00.
Punitive damages, however, may be awarded only when specifically provided in the Uniform Commercial Code or by other rule of law. We are unaware of any provision in the Code permitting punitive damages for breach of implied warranty of good title, nor has appellee cited any such provision. Otherwise, punitive damages may be awarded for breach of contract only when the breach also amounts to a cause of action in tort which was wilfully and wantonly committed or attended by fraud, malice or gross negligence. Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957); Charter Air Center, Inc. v. Miller, 348 So.2d 614 (Fla.2d DCA 1977). The facts established by appellee do not constitute a tort, but merely a breach of a sales contract. Thus, appellee was not entitled to punitive damages.
We remand with instruction that the trial court strike the award of punitive damages, and enter judgment on the compensatory damages of $2,500.00, plus costs.
GRIMES, C.J., and BOARDMAN, J., concur.