898 So.2d 968 (2005)
Steve J. ROONEY, Appellant,
v.
SKEET'R BEAT'R OF SOUTHWEST FLORIDA, INC., and Screen America Corporation, Appellees.
No. 2D01-5716.
District Court of Appeal of Florida, Second District.
February 23, 2005.
Rehearing Denied April 18, 2005.
Robert L. Donald of Law Office of Robert L. Donald and Michael F. Kayusa of *969 Law Office of Michael F. Kayusa, Fort Myers, for Appellant.
Kurt A. Streyffeler of Kurt A. Streyffeler, P.A., Fort Myers, for Appellees.
SALCINES, Judge.
Steve J. Rooney appeals from a final judgment entered in favor of Skeet'r Beat'r of Southwest Florida, Inc., and Screen America Corporation (collectively referred to as "Skeet'r Beat'r"). We reverse the portion of the final judgment which awarded compensatory damages but affirm the award of attorney's fees.
Skeet'r Beat'r and Mr. Rooney both sell and install a product known as a "motorized roll-up screen," which is a screen that fits into a garage-door opening and goes up and down with the assistance of a small electric motor. The utility of the product is that it allows a garage door to be left open without fear of bug intrusion. Although at one point Mr. Rooney was a Skeet'r Beat'r dealer, he and the company parted ways and became business competitors in Collier and Lee Counties.
In marketing its product, Skeet'r Beat'r utilized its unique name and a representation of a menacingly large mosquito in its logo. Mr. Rooney continued to use Skeet'r Beat'r's name and logo after his business relationship with Skeet'r Beat'r had been terminated. Skeet'r Beat'r initially obtained a temporary injunction to prevent Mr. Rooney from continuing to use its name and logo. Mr. Rooney, however, was undaunted by the temporary injunction and repeatedly violated its provisions. As a result of Mr. Rooney's first violation, the trial court imposed sanctions. On his second violation, the trial court found Mr. Rooney to be in "willful violation" and again imposed sanctions.
Skeet'r Beat'r ultimately filed an amended complaint against Mr. Rooney asserting three counts. The first count alleged injury to Skeet'r Beat'r's business reputation and dilution of its trademark, and thereby sought recovery under section 495.151, Florida Statutes (1999). The second count sought recovery for trademark infringement and unfair competition under federal law, i.e., the Lanham Act, 15 U.S.C. § 1125. The third count sought recovery for common-law trademark infringement and unfair competition under Florida law. Following a bench trial, the court found in favor of Skeet'r Beat'r on all three counts, permanently enjoined Mr. Rooney from engaging in unfair competition with Skeet'r Beat'r, and awarded Skeet'r Beat'r $24,787.65 in compensatory damages and $25,844.54 in attorney's fees.
In this appeal Mr. Rooney challenges only the awards of compensatory damages and attorney's fees. Although it is clear that Mr. Rooney engaged in unfair competition, the evidence presented as to Skeet'r Beat'r's lost profits was entirely speculative and the amount awarded was not supported by substantial, competent evidence. Skeet'r Beat'r's expert testified that Skeet'r Beat'r had a $214,292 net loss in profits over a three-year period. The trial court did not utilize the calculation advanced by Skeet'r Beat'r's expert in arriving at its figure for compensatory damages. Instead, the trial court limited the damage award to a single year and subtracted the actual net profit for that year from a "projected" net loss. Both the trial court's and Skeet'r Beat'r's expert's calculations assumed that Skeet'r Beat'r's lost profits were entirely attributable to Mr. Rooney's unfair competition. Neither calculation considered other factors presented during the bench trial which might have caused a drop in Skeet'r Beat'r's projected earnings, for example, legitimate competition or a reduction in Skeet'r Beat'r's sales force.
*970 Because the damages could not be determined with any degree of certainty on the evidence presented, we reverse the compensatory damage award, see Florida Ventilated Awning Co. v. Dickson, 67 So.2d 215 (Fla.1953), and remand with directions that judgment be entered in favor of Skeet'r Beat'r for nominal damages, see Forest's Mens Shop v. Schmidt, 536 So.2d 334 (Fla. 4th DCA 1988).
We affirm the attorney's fee award because Skeet'r Beat'r was the prevailing party in its claim under the Lanham Act and the evidence demonstrated that Mr. Rooney's actions were willful and deliberate.
Affirmed in part; reversed and remanded in part.
CASANUEVA and CANADY, JJ., Concur.