NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KIA MOTORS AMERICA, INC., )
                                 )
         Appellant, )
                                 )
v. )     Case No. 2D16-3861
                                 )
KHRISTOPHER DOUGHTY and )
KATARZYNA DZIEWIECIEN, )
                                 )
         Appellees. )
                                 )

Opinion filed March 14, 2018.

Appeal from the Circuit Court for Pinellas
County; Bruce Boyer, Judge.

Brooks C. Rathet of Bromagen & Rathet,
P.A., Tampa, for Appellant.

Jeanne M. Cremeens of The Law Office
of Patrick J. Cremeens, P.L., Tampa, for
Appellees.

SALARIO, Judge.

       In this action for breach of a motor vehicle warranty, Kia Motors America,

Inc. appeals from a final judgment after a jury trial awarding $15,000 in damages to

Khristopher Doughty and Katarzyna Dziewiecien. We affirm without comment in all

respects but one. We agree with Kia that the evidence produced by Mr. Doughty and

Ms. Dziewiecien was legally insufficient to establish the amount of their damages. We reverse the damages portion of the judgment and remand for entry of a judgment awarding nominal damages.

The evidence at trial, which consisted of the testimony of Mr. Doughty and some documents introduced during that testimony, was sufficient to establish the following. In April 2013, Mr. Doughty and Ms. Dziewiecien bought a new 2012 Kia Optima hybrid from a dealership in Pennsylvania. The purchase price of the car was $25,676.50. After factoring in rebates, Mr. Doughty and Ms. Dziewiecien paid $21,867. They received a written limited warranty from Kia. In substance, the warranty provided that if the car failed to work correctly when it was being used normally, Kia would have an authorized Kia dealer fix the car. The repairs would be paid for by Kia. The warranty was good for six years or sixty thousand miles, whichever came first.

Mr. Doughty and Ms. Dziewiecien began having problems with the car in early to mid-2014. The car's "check engine light" was on, the car displayed a message reading "hybrid system failure" and alerted the driver to pull over and not drive, the transmission was making a grinding noise, and the car was losing power. At that time, Mr. Doughty, who serves in the Air Force, was stationed at a base in North Dakota. He contacted Kia and took the car to the dealership as instructed. After a first attempt at repair did not fix the problem, he returned to the dealership, which again attempted to repair the car and then gave it back to him.

The car was not fixed. While Mr. Doughty and Ms. Dziewiecien were traveling in the car with their family, they heard a loud sound, the car's wheels locked up, and the vehicle skidded off to the side of the road. Kia had the car towed to a

different dealership, which replaced the engine and returned the car two months later. Not too long thereafter, there was another incident in which the car made a loud sound, the wheels locked up, and the car skidded off to the side of the road.

Mr. Doughty returned the car to the dealership. It remained there for a year, unrepaired. Mr. Doughty had the car towed to Florida, where Mr. Doughty and Ms. Dziewiecien were then living and where the car remained parked. Mr. Doughty went to a Kia dealership to trade the car for another one of the same year, make, and model. The dealership would not accept the trade. He also attempted to sell the vehicle privately for $5000, but he was unable to do so.

Mr. Doughty and Ms. Dziewiecien commenced this action against Kia. The operative complaint asserted a single count for breach of express warranty pursuant to 15 U.S.C. § 2310(d)(1) (2014), a provision of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312. Mr. Doughty and Ms. Dziewiecien alleged that the car's problems were the result of defects in manufacturing workmanship or materials and that Kia had failed to repair the vehicle as required by the warranty.

The case proceeded to a jury trial, where Mr. Doughty and Ms. Dziewiecien sought damages for the diminished value of their defective car as well as incidental and consequential damages. Kia made motions for directed verdict arguing, among other things, that Mr. Doughty and Ms. Dziewiecien failed to present legally sufficient evidence of diminished-value damages. The trial court denied that motion, and the jury returned a verdict in favor of Mr. Doughty and Ms. Dziewiecien. In answers to special interrogatories on the verdict form, the jury found that they had diminished-value damages of $15,000 and had not suffered any incidental or consequential

- 3 -

damages at all. Kia renewed its motion for directed verdict. The trial court denied the motion and entered judgment in accord with the jury's verdict.

On appeal, Kia asserts that the trial court should have granted it a directed verdict because the evidence was insufficient as a matter of law to establish damages. We review the denial of a motion for directed verdict de novo. Fell v. Carlin, 6 So. 3d 119, 120 (Fla. 2d DCA 2009). We take the trial evidence and every reasonable inference from that evidence in the manner most favorable to Mr. Doughty and Ms. Dziewiecien, as the nonmoving parties. Sims v. Cristinzio, 898 So. 2d 1004, 1005 (Fla. 2d DCA 2005).

The Magnuson-Moss Warranty Act "creates a federal private cause of action for consumers damaged by the failure of a warrantor to comply with any obligation under a written warranty." Ocana v. Ford Motor Co., 992 So. 2d 319, 323 (Fla. 3d DCA 2008) (citing 15 U.S.C. § 2310(d)(1)). Because the Act is "virtually silent" when it comes to regulating limited express warranties—the type of warranty involved in this case—the contours of the cause of action granted by the federal statute are generally defined by state law. Id.; see also Mesa v. BMW of N. Am., LLC, 904 So. 2d 450, 455 (Fla. 3d DCA 2005) ("With regard to warranties on consumer products, [the Act] modifies the applicability and operation of the UCC and, to the extent applicable, supersedes inconsistent provisions of the UCC."). The parties to this case agree that Florida law governs the cause of action Mr. Doughty and Ms. Dziewiecien have alleged, including the requirements applicable to a claimant's proof of damages.[1]

---

[1]Accordingly, we need not and do not consider whether the law of some other jurisdiction—such as Pennsylvania, where the car was purchased, or North Dakota, where it was taken for repairs—has any bearing on the case.

- 4 -

Under Florida law, a claimant in an action for breach of warranty may recover damages for the diminished value of the warranted goods as well as incidental and consequential damages resulting from the breach. See § 672.714(2), (3), Fla. Stat. (2014); Bill Branch Chevrolet, Inc. v. Redmond, 378 So. 2d 319, 320 (Fla. 2d DCA 1980). These were the types of damages Mr. Doughty and Ms. Dziewiecien requested. They have not cross-appealed the judgment and thus have accepted, at least so far as this appeal is concerned, the jury's finding that they had no incidental or consequential damages. The only question for us with respect to damages, then, is whether the evidence was sufficient to establish the diminished-value damages that Mr. Doughty and Ms. Dziewiecien sought.

With respect to that issue, section 672.714(2) provides as follows:

> The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

Loosely stated, this statute required Mr. Doughty and Ms. Dziewiecien to establish two variables to prove their diminished-value damages: (1) the value of the car at the time and place of acceptance if the car had been as warranted and (2) the value of the car they actually got at the time and place of acceptance. See, e.g., Carter Hawley Hale Stores, Inc. v. Conley, 372 So. 2d 965, 969 (Fla. 3d DCA 1979) (holding, in case where jeweler warranted diamond of color grade D and sold diamond of color grade E, that damages were the difference in value between a grade D and E diamond at the time and place of sale); Johnson v. Thor Motor Coach, Inc., No. 5:15-cv-85-Oc-PRL, 2016 WL 8939134, at *5 (M.D. Fla. Aug. 1, 2016) (describing, in a case involving a

recreational vehicle, that diminished-value damages were "the difference between the purchase price of a non-defective RV on [the purchase date], less the value of a defective RV [on that date]").

Here, the parties agree that by proving the price they paid for the car, Mr. Doughty and Ms. Dziewiecien presented sufficient evidence of the first variable—the value of the car as warranted at the time and place of acceptance. Kia argues, however, that there was no evidence to establish the value of the car they received at the time and place of acceptance. We agree. Although the evidence was sufficient to permit the jury to conclude that there were defects in the car that made it less valuable, there was no evidence that would have enabled the jury to determine the actual value of that defective car at the time and place of sale. Mr. Doughty's testimony and the exhibits introduced through him did not explain what the defects to which Mr. Doughty testified, defects that did not begin to manifest themselves until nearly a year after the car was purchased, would have meant for the amount of the car's value at the time and place it was sold. Mr. Doughty and Ms. Dziewiecien did not present an expert witness to testify as to that subject.[2] And there is nothing else in the trial evidence upon which

_____

[2]We express no opinion on whether Mr. Doughty himself could have testified as to the value of his car with the defect under the general principle that an owner of property is generally qualified to testify as to the value of that property. See, e.g., Johnson v. Thor Motor Coach, Inc., No. 5:15-cv-85-Oc-30PRL, 2016 WL 1182792, at *6 (M.D. Fla. Mar. 28, 2016) (relying on the principle that owners could testify as to value of allegedly defective recreational vehicle). Mr. Doughty was never asked his opinion as to the value of the car in its defective condition, and there is thus no record that would permit us to affirm on this basis. See Canon v. Fournier, 57 So. 3d 875, 882 (Fla. 2d DCA 2011) (explaining that a tipsy-coachman ground for affirmance must be based on facts in the record). Although Mr. Doughty was asked about research he may have conducted into his car's value, an objection to that testimony was sustained. Mr. Doughty was given an opportunity to proffer testimony on that or any related subject, but he did not avail himself of that opportunity. See § 90.104(1)(b), Fla. Stat. (2016)

- 6 -

the jury could have hung its collective hat in determining what the diminished value of the car was. Mr. Doughty and Ms. Dziewiecien thus failed to present evidence that was legally sufficient to establish the value of the car they received from Kia at the time and place they received it. See Bill Branch Chevrolet, 378 So. 2d at 321 (reversing award of damages where "[a]ppellee submitted no evidence to show the difference in value between the goods as accepted and as warranted"); Johnson, 2016 WL 8939134 at *5-6.

Mr. Doughty and Ms. Dziewiecien argue that the fact that they could not trade the car in for another car of the same make and model and that they could not sell it privately was evidence of their diminished-value damages. To the extent these facts say anything about the value of their car, however, they say only that at some point more than two years after they purchased their car, a dealership did not want to give Mr. Doughty a new car in exchange for it and that whatever undisclosed group of potential buyers Mr. Doughty was able to reach did not want the car for $5000. It is notable that the $15,000 verdict here does not appear to bear any relationship whatsoever to these facts. More importantly, neither of those facts would permit a jury to determine what the value of the car was at the time and place Mr. Doughty and Ms. Dziewiecien received it from Kia. Cf. Powers v. Lazy Days' R.V. Ctr., Inc., No. 8:05-cv-1542-T-17-EAJ, 2007

---

(discussing the proffer of evidence "[w]hen the ruling is one excluding evidence" for the purposes of reviewing an error, setting aside or reversing a judgment, or granting a new trial); see also Blackwood v. State, 777 So. 2d 399, 410-11 (Fla. 2000) (discussing why the proffer of excluded evidence is usually necessary for appellate review of the issue); Greenwald v. Eisinger, Brown, Lewis & Frankel, P.A., 118 So. 3d 867, 869 n.3 (Fla. 3d DCA 2013) (noting that the lack of a proffer where such a proffer was not prevented by the trial court was also significant to an appellate court's determination of whether the issue was reviewable).

WL 1064215, at *2 (M.D. Fla. Apr. 4, 2007) (stating that a claimant's "conclusions regarding value do not reflect the value in fact of" a defective vehicle). Any conclusion about value at the time and place of acceptance that a jury might draw from these facts would be nothing but speculation, which is an impermissible basis for an award of damages. See Swindell v. Crowson, 712 So. 2d 1162, 1164 (Fla. 2d DCA 1998) ("Damages cannot be based on speculation, conjecture or guesswork.").

We do not today hold that expert testimony—or any particular type of evidence, for that matter—is necessary to establish the value of a warranted good at the time and place of acceptance. We hold only that in this case, Mr. Doughty and Ms. Dziewiecien failed to produce any evidence to prove that value. Thus, although the evidence was sufficient to establish that their car was worth less than it would have been had it been delivered as warranted, it was insufficient to prove the amount of that diminution in value. Accordingly, although we affirm the judgment insofar as it found a breach of warranty, we reverse the damages finding and remand the case with instructions to enter a judgment in favor of Mr. Doughty and Ms. Dziewiecien for nominal damages. See Rooney v. Skeet'r Beat'r of Sw. Fla., Inc., 898 So. 2d 968, 970 (Fla. 2d DCA 2005) ("Because the damages could not be determined with any degree of certainty on the evidence presented, we reverse the compensatory damage award and remand with directions that judgment be entered . . . for nominal damages." (citations omitted)); Abstract Co. of Sarasota v. Roberts, 144 So. 2d 3, 5 (Fla. 2d DCA 1962) (holding that a complaint for breach of warranty is sufficient to sustain an award of nominal damages).

Affirmed in part; reversed in part; remanded with instructions.

LaROSE, C.J., and SLEET, J., Concur.