NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANGELA SUE DURRANCE, as      )
Personal Representative of the   )
Estate of Totsie Fleming, Deceased,  )
                                 )
         Appellant/Cross-Appellee,   )
                                 )
v.                               )          Case No. 2D17-2009
                                 )
R.J. REYNOLDS TOBACCO            )
COMPANY,                         )
                                 )
         Appellee/Cross-Appellant.   )
_____)

Opinion filed June 26, 2019.

Appeal from the Circuit Court for Highlands
County; John Marshall Kest, Judge.

Daniel R. Hoffman and David J. Sales
of David J. Sales, P.A. Jupiter;
Brian R. Denney and James W.
Gustafson, Jr. of Searcy Denney Scarola
Barnhart & Shipley, P.A., West Palm
Beach, for Appellant/Cross-Appellee.

Troy A. Fuhrman and Marie A. Borland of
Hill, Ward & Henderson, P.A., Tampa;
Charles R. A. Morse and Vivek Suri of
Jones Day (withdrew after briefing), New
York, New York, for
Appellee/Cross-Appellant.

KELLY, Judge.

Angela Sue Durrance, as the personal representative of the Estate of Totsie Fleming, appeals from the final judgment entered in favor of R.J. Reynolds Tobacco Company in an Engle[1] progeny wrongful death case. Because the trial court erred when it did not direct a verdict in favor of the Estate on R.J. Reynolds' statute of limitations defense, we reverse.

At trial, the parties stipulated that Ms. Fleming had chronic obstructive pulmonary disease (COPD), that it was caused by smoking, and that COPD was the cause of her death in 2009. The jury found that Ms. Fleming was a member of the Engle class; however, it also found that her claims against R.J. Reynolds were barred by the statute of limitations. The parties agreed that any claim based on Ms. Fleming's COPD would not be time-barred unless prior to May 1990, she knew or had reason to know that she had COPD possibly caused by smoking. The Estate moved for a directed verdict on the statute of limitations issue arguing that R.J. Reynolds had failed to prove Ms. Fleming knew or should have known that she had COPD prior to May 1990. The trial court allowed the issue to go to the jury, and it found that her claim was barred. After the jury trial, the Estate filed a motion to set aside the verdict and for entry of judgment in accordance with its motion for a directed verdict, which the court also denied.

A products liability action must be brought within four years from the time the facts giving rise to the cause of action were discovered by the claimant or should

---

[1] Engle v. Liggett Grp., Inc., 945 So. 2d 1246 (Fla. 2006).

- 2 -

have been discovered by the claimant. §§ 95.031(2)(b), .11(3)(e), Fla. Stat. (2011); Carter v. Brown & Williamson Tobacco Corp., 778 So. 2d 932, 936 (Fla. 2000). In a products liability action involving a latent or "creeping" disease, the cause of action accrues "when the accumulated effects of the deleterious substance manifest themselves [to the claimant], in a way which supplies some evidence of causal relationship to the manufactured product." Id. at 937 (citation omitted). Thus, to establish its statute of limitations defense, R.J. Reynolds had to prove that by May 1990 the cumulative effects of smoking tobacco had manifested themselves to Ms. Fleming and had done so in a way as to give Ms. Fleming notice of a causal connection between the effects and smoking.

Here, there was no evidence that before May 1990 Ms. Fleming had experienced *any* symptoms of COPD. Her medical records show no complaints of coughing, shortness of breath, low exercise tolerance, wheezing, chest pain, or coughing up blood, and they include two normal chest x-rays—one from 1987 and one from 1989. Because there was no evidence that Ms. Fleming had experienced any symptoms of COPD, R.J. Reynolds based its statute of limitations defense on a pulmonary function test that had been done on Ms. Fleming in 1993 when she was diagnosed with COPD. The test showed that at that time Ms. Fleming had moderate to severe COPD. R.J. Reynolds pointed to the testimony of a physician who said that based on the results of the 1993 test, Ms. Fleming could have had COPD before 1990. What R.J. Reynolds has never done, however, is point to any evidence that the COPD had manifested itself to Ms. Fleming before 1990.

Instead, it argues that based on the 1993 test, the jury could infer that Ms. Fleming had COPD before 1990, and from that it could then infer that the COPD was symptomatic, and further that Ms. Fleming should have known those symptoms (whatever they may have been) were caused by smoking. These are not reasonable inferences that can be drawn from the evidence—it is speculation. A jury verdict cannot be based on speculation. Kia Motors Am., Inc. v. Doughty, 242 So. 3d 1172, 1177 (Fla. 2d DCA 2018) (noting that speculation is an impermissible basis for a jury decision); Realauction.com, LLC v. Grant St. Grp., Inc., 82 So. 3d 1056, 1059 (Fla. 4th DCA 2011) (explaining that an inference drawn from speculative testimony is an unreasonable inference and that "[s]peculative testimony is not competent substantial evidence").

While the doctor's testimony would be probative in determining whether Ms. Fleming was an Engle class member, R.J. Reynolds' argument tries to use the concept of manifestation for the purposes of membership in the Engle class to establish manifestation with regard to the statute of limitations. This distinction is discussed at length in R.J. Reynolds Tobacco Co. v. Ciccone, 190 So. 3d 1028, 1036-41 (Fla. 2016). Essentially, for the purposes of membership in the Engle class, the bar for manifestation is set very low—a smoker need not have been diagnosed, she must simply show that she was suffering from a tobacco-related disease prior to the time the Engle class was certified. Id. at 1041. In contrast, for the statute of limitations, the smoker must have sufficient information to file a lawsuit. Id. at 1038.

> If courts were to find that "creeping diseases" "manifest" at first sign of "symptoms," [the policy of the statute of limitations] would be disserved, as the statute of limitations would bar plaintiffs from pursuing fruitful causes of action before the plaintiff even knows enough "to commence a non-frivolous tort lawsuit."

Id. (citations omitted). By pointing to the 1993 pulmonary test and the testimony that the results could mean Ms. Fleming had COPD before 1990, R.J. Reynolds took evidence sufficient to establish manifestation for Engle class membership and then relied on speculation alone to convert it into proof that Ms. Fleming's COPD had manifested for the purpose of determining when her cause of action accrued.

Accordingly, the judgment is reversed and the case is remanded for a new trial.

Reversed and remanded.

MORRIS and ATKINSON, JJ., Concur.